ROBERT D. MORRISON, GEORGE J. APPOLD, and others,
Receivers of THE CHESAPEAKE MUTUAL LAND AND
BUILDING ASSOCIATION OF BALTIMORE CITY *vs.*
BARTUS C. DORSEY.

*When a Stockholder in an action against him to recover his
unpaid subscription, is Estopped from sitting up as a Defence
that the By-Laws of the Association were not properly
adopted, and that the whole Capital stock had not been
taken—Association to which section 65, of the Act of 1868,
ch. 471, does not apply.*

In a suit against a stockholder to recover certain unpaid instalments on his
subscription to the capital stock of the Association, the declaration besides
the money counts, alleged that the defendant agreed to take five shares of the
stock of the Association, and to pay therefor in weekly instalments of one
dollar per share in each and every week until the whole amount was paid.
To support this count in the declaration, the plaintiffs offered in evidence a
by-law of the Association, which provided that "each member shall pay
an entrance fee of fifty cents per share, on each share of stock he sub-
scribes for, and a weekly instalment of one dollar per share." The deten-
dant contended that the by-law relied on by the plaintiffs was never ratified
or confirmed, at a general meeting of the Association duly called for that
purpose.   It appeared that the by-laws were drawn up by a committee
appointed by the subscribers to the stock of the proposed Association before
its incorporation; that these by-laws were adopted at a meeting of said
subscribers, held 16th of March, 1869, and were printed; that the certificate
of incorporation was duly acknowledged and recorded on the 6th of April
following; that from the time of its incorporation to the time when the plain-
tiffs were appointed receivers, a period of over five years, the Association was
actively engaged in the prosecution of its business, making contracts for
land, and leasing, and otherwise disposing of the same; that during all this
time it acted under these, and in fact had no other by-laws; that in Septem-
ber, 1871, amendments making important changes in the laws of the
corporation were proposed, and afterwards adopted by the directors, and

these amendments were submitted to the stockholders at a general meeting, and were by them ratified and approved.  It also appeared that the name of the defendant was entered by the secretary of the Association in the stock-ledger for five shares of stock upon which the defendant paid the weekly instalments of one dollar per share, and also the entrance fee of fifty cents per share.  That at the time of such payment, a book containing the by-laws was delivered to the defendant, which being lost, another was substituted in its place, and this one being produced at the trial contained the receipts for the weekly instalments paid by the defendant, and that in 1874, the defendant subscribed his name to the by-laws after being told they were the by-laws of the corporation.  It also appeared that from the time of his subscription up to the time the plaintiffs were appointed receivers, he not only paid the weekly instalments due on his subscription, but also shared the profits earned by the Association.  HELD :

1st.  That under these facts, in a suit by the plaintiffs as receivers, representing the Association and its creditors, to recover the balance due on his subscription, the defendant could not rely on such defence.

2nd.  That having in every mode and manner recognized and admitted the validity of the by-laws under which the Association acted, and upon the faith of these admissions others having been induced to act, the defendant should not be permitted to question the mode by which the by-laws were adopted.

A person subscribed for certain shares of stock in a Land and Building Association, knowing at the time that it was engaged in the prosecution of the business for which it was organized, buying property and incurring debts and liabilities.  For a period of nearly five years, with this knowledge, he paid the weekly instalments on his subscription, and during such time, as a member of the Association, received his proportion of the profits earned   The Association having become embarrassed, its affairs were placed in the hands of receivers.  In a suit by the receivers to recover from such subscriber the unpaid instalments on his subscription, it was HELD :

That the defendant could not avoid the payment of his subscription on the ground that the whole capital stock had not been taken, he being estopped by his acts from setting up such defence.

The notice prescribed by section 65, of the Act of 1868, ch. 471, in reference to calls on subscriptions, does not apply to a corporation, under the by-laws of which the subscribers to its stock, are required to pay a weekly instalment of one dollar on each share.

APPEAL from the Court of Common Pleas.

The Chesapeake Mutual Land and Building Association of Baltimore City, incorporated under the provisions of the General Incorporation Law, (1868, ch. 471,) in 1869, became actively engaged in the business for which it was organized, and so continued until sometime in the year 1874, whem becoming embarrassed, its affairs were by a decree of the Circuit Court of Baltimore City, dated 1st December, 1874, placed in the hands of the appellants as receivers.   By a subsequent order of that Court, the receivers were directed to institute such suits as they might be advised, to recover from the stockholders of said association all instalments of the capital stock then owing.   In virtue of this order, they brought suit against the appellee, to recover the balance due by him on five shares of stock, for which he had subscribed.   The case is further stated in the opinion of the Court.

*First Exception.*—The plaintiffs proposed to read to the jury from the book of proceedings of the aforesaid association, the proceedings of the meetings of citizens for the purpose of organizing said association, and of the said association prior to the date of the certificate of incorporation; to the reading of which to the jury, for the purpose of showing the organization of said association, the defendant objected, and the Court, (GAREY, J.,) sustained the objection.       '

The plaintiffs excepted.

*Second Exception.*—The plaintiffs offered five prayers, the second, fourth and fifth of which only need be set out:

2. If the jury find from the evidence, that the plaintiffs are the receivers of the Chesapeake Land and Building Association of Baltimore City, and shall further find that the Chesapeake Mutual Land and Building Association was incorporated, as shown by the certificate of incorporation offered in evidence in this case, and shall also find that prior to the 8th day of October, 1869, the said corpo-

ration was organized, and proceeded to transact the business authorized by its certificate of incorporation, purchased property and incurred debts and liabilities; and if the jury shall further find, that from the time of the organization of the said corporation, it or its directors acted under the by-laws offered in evidence by the plaintiffs, and contained in the book produced by the defendant at the instance of the plaintiffs, down to the 8th day of October, 1869, and for some time thereafter, and transacted and conducted its business thereunder, and shall further find that up to the said 8th day of October, 1869, and for sometime thereafter, the said corporation never had any other by-laws than those contained in the said book, then the said printed by-laws contained in said book were the by-laws of said corporation, on and prior to the 8th day of October, 1869, and until the next annual meeting of the stockholders of the said corporation. And if the jury shall further find that it is provided by the said by-laws that each member of the said corporation should pay an entrance fee of fifty cents on each share of stock he should subscribe for, and also an instalment of one dollar on each share of stock so subscribed for, and should pay thereafter a weekly instalment of one dollar on each share of stock so subscribed for on such day as appointed by the by-laws, and that the day of the meeting, at which the said instalments were payable, was fixed' by the said by-laws on Friday evening, in each week ; and if they shall further find, that the defendant, on or about the 8th day of October, 1869, agreed to take five shares of the stock of the said corporation, and that Francis Horn, was at that time, the secretary of the said corporation, and that acting as such secretary, and in the transaction of the business of the said corporation, he did, on or about the said 8th day of October, 1869, enter the name of the said defendant upon the stock ledger of the said corporation, as the holder of five shares of its stock, and that said

defendant paid the entrance fee of fifty cents on each of said shares, and also an instalment of one dollar on each share, and that at or about the time of such entry, a book containing the said printed by-laws, and also the number of shares so entered by said Horn, was delivered to said defendant; and shall further find, that the defendant continued to pay the sum of one dollar on each of said shares, for each and every week, up to the 17th day of July, 1874, and that the par value of the said shares of stock, as fixed by the certificate of incorporation, is four hundred dollars for each share; and if they shall further find, that for several years the said defendant received dividends from the said corporation on the said five shares of stock, and that he signed, in his proper hand-writing, a receipt in the dividend book of the said corporation, for the dividends so paid to him for the years 1871 and 1872, and that on the same line with the defendant's name was entered the number of shares of stock, of which he was entered as the holder on the stock-ledger of said corporation; and shall further find, that the payments made by the said defendant, for the instalments on said five shares of stock, were regularly entered by said corporation to the credit of the defendant, as they were made by him in the book so furnished to the said defendant by said corporation, up to the 24th of March, 1871, and from that time forward were entered to his credit in another book so furnished to him by said corporation, and offered in evidence by the plaintiffs in this case, if the jury find that such other book was so furnished, then the plaintiffs are entitled to recover the weekly instalments of one dollar on each of said five shares of stock, for each and every week from the time when the said defendant stopped paying said instalments, to the time of the institution of this suit, with interest in the discretion of the jury.

4. If the jury shall find from the evidence, that the plaintiffs are the receivers of the Chesapeake Mutual Land

and Building Association of Baltimore City ; and shall further find, that the said Chesapeake Mutual Land and Building Association was incorporated, as shown by the certificate of incorporation offered in evidence in this case ; and shall also find, that prior to the 8th day of October, 1869, the said incorporation was organized, and proceeded to transact the business authorized by its certificate of incorporation, purchased property, and incurred debts and liabilities ; and if the jury shall find, that the defendant, on or about the 8th day of October, 1869, agreed to take five shares of the capital stock of the Chesapeake Mutual Land and Building Association of Baltimore City, and that he did on or about that time, pay an entrance fee of fifty cents on each of said five shares of stock, and an instalment of one dollar on each share, and that on or about the said 8th day of October, 1869, the said defendant received from said Association, a book containing printed by-laws, purporting to be the by-laws of said Association, and also, a receipt for the money so paid by him ; and shall further find, that the said defendant continued to pay the weekly instalments upon said five shares of said stock, and received ——, the receipt of an officer of said Association, in said book, until on or about the 24th day of March, 1871, and that on or about that time, the book so given to him as aforesaid, was lost or mislaid, and that another book was given to him containing the said printed by-laws, and also an entry of the gross amount paid by him on account of said five shares, and also the number of shares held by him, and that he continued to pay either in person or by an agent, the weekly dues of one dollar upon each of said shares, for each and every week, as required by said by-laws, until on or about the 17th day of July, 1874, and received the receipt of an officer of said Association on the said book for the moneys so paid by him ; and shall further find, that afterwards the said printed by-laws, with any amendments that had been made thereto,

were written in the book offered in evidence, marked on the outside in gilded letters, " subscribers to the by-laws of the Chesapeake Mutual Land and Building Association of Baltimore City ;" and if they shall further find, that at the request of an officer of said Association, the defendant signed the book after being informed that it contained the constitution and by-laws of said Association, then the said defendant is now estopped from denying that the by-laws contained in said printed book so offered in evidence by the plaintiffs, and produced by the defendant at their instance, are not the by-laws of the said Chesapeake Mutual Land and Building Association, and have never been adopted by it; and if the jury shall further find, that on or about the said 8th day of October, 1869, Francis Horn was secretary of said Chesapeake Mutual Land and Building Association, and that acting as such secretary, and in the transaction of the business of said Association, he did on or about the said 8th day of October, 1869, enter the name of the defendant upon the stock ledger of said Association, as the holder of five shares of its stock, and that said defendant paid the entrance fee on each share, and also an instalment of one dollar on each share, as required by the 12th by-law contained in said book; and shall further find, that the said defendant continued to pay the sum of one dollar on each share, for each and every week, up to the 17th day of July. 1874, and that the par value of said shares of stock, as fixed by the certificate of incorporation, is four hundred dollars for each share ; and if they shall further find, that the said defendant received dividends upon the amount paid in by him on said five shares of said stock, and that he signed in his proper hand-writing a receipt on the dividend book of said corporation for the dividends so paid to him in the years 1871 and 1872, and that on the said dividend book, on the same line with the defendant's name, was entered the number of shares of stock of which he was entered as the holder on the stock-

ledger of said Association ; and if they shall further find, that it is provided by the by-laws contained in said book, that each member of said Association should pay an entrance fee of fifty cents per share, and an instalment of one dollar on each share subscribed for, at or about the time of subscribing, and should pay thereafter a weekly instalment of one dollar on each share of stock so subscribed for, on such day as appointed by the said by-laws, until there should be the sum of four hundred dollars to his credit for each share, and that the day of the meeting at which the said instalments were payable, was fixed by the by-laws on Friday evening in each week ; and shall further find, that on the 17th day of July, 1874, there was not to the credit of said defendant the sum of four hundred dollars for each of said shares, then the plaintiffs are entitled to recover the weekly instalment of one dollar on each of said five shares, for each and every week, from the time when the said defendant stopped paying said instalments to the time of the institution of this suit, with interest in the discretion of the jury.

5. If the jury shall find from the evidence, that the plaintiffs are the receivers of the Chesapeake Mutual Land and Building Association of Baltimore City; and shall further find, that the said Chesapeake Mutual Land and Building Association, was incorporated as shown by the certificate of incorporation offered in evidence in this case, and shall also find that prior to the 8th day of October, 1869, the said corporation was organized and proceeded to transact the business authorized by its certificate of incorporation, purchased property, and incurred debts and liabilities ; and if the jury shall further find, that on or about the 8th day of October, 1869, the defendant agreed to take five shares of the stock of the Chesapeake Mutual Land and Building Association of Baltimore City, and that he paid to said Association an entrance fee of fifty cents on each share of said shares of stock, and also an instalment of

one dollar on each share, on or about the time of taking the same, and that on or about the same time he received from said Association a book containing by-laws, purporting to be the by-laws of said Association, and also a receipt for the entrance fee and instalments so paid by him, written on the same line with the number of shares of stock so taken by him, and also that Francis Horn was on or about the same time, the secretary of said Association, and that acting as such secretary, in the transaction of the business of said Association, he entered the name of said defendant on the stock-ledger of said Association as a holder of five shares of its stock, and that the said defendant continued for nearly five years thereafter to pay the weekly instalment of one dollar on said five shares of stock, either in person or by agent, at the terms of said Association, and retained the said book, or one containing said by-laws, shares and entries of credit afterwards given him by said corporation, in his possession, during the whole or a greater part of the time he was paying in the weekly instalments upon said five shares of stock, and that he received dividends upon the amount paid in by him on said five shares of stock, and receipted for the same in his own proper hand-writing for the years 1871 and 1872, then the said defendant became and was a member and stockholder of the said corporation, and is now estopped from saying that the by-laws contained in the book offered in evidence by the plaintiffs, and produced by the defendant, are not the by-laws of said corporation, and he is bound by the said by-laws in the same manner as if they had been regularly adopted by the stockholders of the said corporation, even if the jury believe they had never been so adopted, and the plaintiffs are entitled to recover the weekly instalments upon said five shares of stock from the 17th day of July, 1874, up to the institution of this suit, with interest in the discretion of the jury.

The defendant offered eleven prayers, the eleventh of which is as follows:

11. That there is no sufficient evidence in the case that the by-laws or articles of the alleged constitution of the corporation, mentioned in the declaration in this case, as contained in the printed or written books offered in evidence by the plaintiffs, were validly adopted by the stockholders of the said corporation.

The Court rejected the prayers of the plaintiffs as also those of the defendant, except the eleventh which it granted. To the rejection of their prayers and to the granting of the eleventh prayer of the defendant, the plaintiffs excepted, and the verdict and judgment being for the defendant, they appealed.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ROBINSON, J.

*Samuel Snowden* and *Robert D. Morrison,* for the appellants.

*Bernard Carter* and *I. Nevett Steele,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit is brought by the appellants, receivers of the Chesapeake Mutual Land and Building Association of Baltimore City, to recover of the appellee, certain unpaid instalments on his subscription to the capital stock of said company.

Besides the money counts, the declaration alleges, that the defendant agreed to take five shares of the stock of the Association, and to pay therefor in weekly instalments of one dollar per share in each and every week until the whole amount due on said subscription was paid.

To support this count in the declaration, the plaintiffs offered in evidence a by-law of the Association, which provides that "Each member shall pay an entrance fee of fifty cents per share on each share of stock he subscribes for, and a weekly instalment of one dollar per share."

The appellee contends, that the by-law relied on by the appellants was never ratified or confirmed at a general meeting of the Association duly called for that purpose, as required by sec. 50, of the Act of 1868, ch. 471, under which the Association was incorporated.

It appears that the by-laws were drawn up by a committee appointed by subscribers to the stock of the proposed Association before its incorporation ; that they were adopted at a meeting of said subscribers held March 16th, 1869, and they were printed—that the certificate of incorporation was acknowledged and recorded on the 6th of April following—that from the time of its incorporation to the time when the appellants were appointed receivers, a period of over five years, the Association was actively engaged in the prosecution of its business, by making contracts for land and leasing and otherwise disposing of the same ; that during all this time it acted under these, and had not in fact any other by-laws ;—that in September, 1871, amendments making important changes in the laws of the corporation were proposed, and afterwards adopted by the directors, and these amendments were submitted to the stockholders at a general meeting, and were by them ratified and approved.

It also appears, that the name of the appellee was entered by the secretary of the Association, in the stock-ledger, for five shares of stock, upon which the appellee paid the weekly instalment of one dollar per share, and also the entrance fee of fifty cents per share ; that at the time of such payment, a book containing the by-laws was delivered to the appellee, which being lost, another was substituted in its place, and this one being produced at the trial, contained the receipts of the weekly instalments paid by the appellee, and that in 1874, the appellee subscribed his name to the by-laws, after being told they were the by-laws of the corporation. It also appears, from the time of his subscription up to the time when the appellants

were appointed receivers, he not only paid the weekly instalments due on his subscription, but also shared the profits earned by the Association.

Under such facts as these, the question is not whether the by-laws were adopted in strict conformity with sec. 50, of the Act of 1868, but whether in a suit by the appellants as receivers, representing the Association and its creditors, to recover the balance due on his subscription, the appellee can rely on such a defence.    And we think it is clear both on principle and on authority that he cannot.

He has in every mode and manner recognized and admitted the validity of the by-laws under which the Association acted ; and when upon the faith of such admissions, others have been induced to act, the plainest principles of justice demand that he at least shall not be permitted to question the mode by which they were adopted.

Nor is the second ground of defence relied on in this suit, more tenable.    We have said, it is true, that in corporations of this kind, where the amount of the capital stock is fixed, and the number of shares ascertained by the charter, a subscriber is not obliged to pay his subscription unless the whole capital stock has been taken. And for the obvious reason, that it is to be presumed the entire amount thus fixed by the charter is necessary for the successful prosecution of the business for which the company is incorporated, and subscriptions are made upon this implied understanding.    And this well settled rule applies to subscriptions before and after the company is chartered.

But we have also said, that this is a condition which a subscriber may waive, and that the waiver may be either express or implied.    Thus for instance, where one knowing the whole stock has not been taken, attends the meetings of the company, votes for the expenditure of money, and the purchase of property, or does other acts from which it may be fairly inferred that he intends to waive the right

to insist upon the whole capital stock being taken, he will be estopped from setting up such a defence. *Hager vs. Cleaveland & Bassett, 36 Md.,* 491.

Here is a case in which the appellee knew at the time he subscribed for the stock, that the Association was engaged in the prosecution of the business for which it was organized, buying property, and incurring debts and liabilities, and with this knowledge he pays for a period of nearly five years, the weekly instalments on his subscription, and during all this time as a member of the Association, he receives his proportion of the profits earned ; and now when the corporation becomes embarrassed or proves perhaps a failure, he seeks to avoid the payment of his subscription, on the ground that the whole capital stock had not been taken, and this too, in a suit brought by receivers representing the creditors of the Association.

The defence thus relied on, was intended to protect subscribers who in good faith objected to the organization of a company when its capital stock which was necessary to the enterprise, had not in fact been taken, but it was never intended and Courts will never permit it to be used as an instrument of fraud.

The Court erred therefore in granting defendant's eleventh prayer and refusing to grant the plaintiffs' second, fourth and fifth prayers.

The notice prescribed by sec. 65 of the Act of 1868, ch. 471, in reference to assessments or calls on subscriptions, does not apply in this cause, because the by-laws under which the corporation acted, provided that the subscribers should pay a weekly instalment of one dollar on each share.

The question presented by the first bill of exceptions is whether the book containing the proceedings of meetings of members of the proposed Association, prior to its incorporation, was admissible in evidence. The liability of the appellee on his subscription in no manner depended on,

nor was it in any way affected by these preliminary pro-
ceedings, and the evidence was therefore wholly irrelevant
and properly rejected.    From what we have said it follows
that the judgment below must be reversed and a new trial
awarded.

> *Judgment reversed, and*
> *new trial awarded.*