# SOLOMON GOLDSTEIN

*vs.*

## STEPHEN W. LEITCH et al., Receivers.

*Corporate Stock—Action on Subscription—Fraud.*

Receivers of an insolvent corporation, acting under orders of a court of equity, may sue to recover the amount of an unpaid subscription to the stock of the corporation, without first making a demand therefor, the provision of Code, art. 23, sec. 61, in reference to calls upon stockholders by the directors, not being applicable in such case.                                    p. 187

Persons whose subscriptions to corporate stock have been rescinded by a court of equity, for fraud in their procurement, are creditors of the corporation to the amount paid by them on account of their subscriptions, within the meaning of Code, art. 23, sec. 66, making every stockholder liable for the benefit of the creditors of the corporation to the amount of his unpaid subscription.                          pp. 188-190

*Decided January 9th, 1923.*

Appeal from the Court of Common Pleas of Baltimore City (Duffy, J.).

Action by Stephen W. Leitch, Charles B. Bosley and Clifton S. Brown, receivers for the Druid Hill Lake Apartment Company, against Solomon Goldstein. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was argued, together with that next following, before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Adkins, and Offutt, JJ.

*Richard M. Duvall,* for the appellant.

*Jacob S. New* and *Sidney A. Goodman,* with whom was *Julius H. Wyman* on the brief, for the appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal was argued in connection with No. 82 Appeals of the October Term (post, p. 192). In this case the appeal is from a judgment of the Court of Common Pleas of Baltimore City, recovered by the receivers for the Druid Hill Lake Apartment Company, incorporated, against the appellant, a stockholder of said company, for the balance due on his subscription to the stock of that company, while in No. 82 the appeal is by the receivers for said company from a decree of the Circuit Court of Baltimore City restraining them from causing execution to be issued on said judgment and certain other judgments.

It appears from the records in the two appeals mentioned that, in certain proceedings of Nathan J. Cohen and others against the Druid Hill Lake Apartment Company and others in the Circuit Court of Baltimore City, that court, on the 18th day of November, 1919, passed a decree rescinding the contracts of Wilbert A. Edwards and others of subscription to the stock of said company, on the ground that they had been obtained by the fraud and misrepresentations of the agents of the company, and appointing receivers to take charge of the property and collect the debts of the company, which was shown to be insolvent; that, as shown by an account stated in said equity cause, there remained in the hands of the receivers, after the payment of the costs and expenses and a mortgage indebtedness of the company, a balance of $564.48, and that the claims against the company, other than the claims of those whose contracts of subscription to the stock had been rescinded, amounted to $162.28, but that the sums paid by the subscribers to the stock whose contracts had been rescinded amount to several thousand dollars; that on the 19th of August, 1921, the Circuit Court of Baltimore

City passed an order in said cause authorizing and directing the receivers to bring suit against certain of the stockholders, including the appellant in this case, for the balance due on their subscriptions.

At the trial of this case in the court below, the plaintiffs offered in evidence the two decrees or orders of the Circuit Court of Baltimore City referred to, and then produced evidence of the amount of the stock of the company subscribed to by the appellant, and the amount paid by him on account thereof, while the defendant, who was also one of the directors of the company, testified that he only subscribed to three shares of the stock, that he paid the sums of $250 and $218.75 to certain persons mentioned in the evidence in order to help them to purchase a lot or parcel of land on Whitelock Street and Callow Avenue, and that "no demand had been made on him by the receivers to put up the difference between the $468.75 (total amount paid by him) and the $1,000 (amount of stock subscribed to) till this suit." There was also offered in evidence an "abstract of the auditor's account" in said cause, showing a balance of $564.48 in the hands of the receivers, a list of the creditors of the company to the amount of $162.28, and an agreement of counsel that they were the only creditors of the company, "except the creditors who became such by the cancellation of their subscriptions to" the stock of the company by the decree of the circuit court passed on November 18th, 1919.

At the conclusion of the testimony the defendant offered three prayers, the first of which was a demurrer to the evidence, and the third as follows: "The defendant prays the court to instruct itself, sitting as a jury, that if it finds from the evidence that the balance of $564.48 shown by the auditor's account offered in evidence is sufficient to pay or liquidate all the debts due and owing by the Druid Hill Lake Apartments Company, other than those who have become, or may become such by decree of the court setting aside their subscriptions to the stock of the company because of misrepresentations, or

otherwise, then the plaintiffs are not entitled to recover, and the verdict of the court, sitting as a jury, must be for the defendant." The defendant claims that there was error in the rejection of these two prayers, and has brought this appeal from the judgment entered against him.

The contentions of the appellant are (1) that to entitle the plaintiffs to recover in this case it was necessary for them to show that they made a demand upon the defendant for the amount of his unpaid subscription to the stock of the company before entering suit, and (2) that the stockholders whose subscriptions to the stock were rescinded by the court are not creditors of the insolvent company, and do not come within the provisions of section 66 of article 23 of the 4th volume of the Code, which declares that "every stockholder of every corporation of this State shall be liable for the benefit of the creditors of said corporation for the amount of his subscription to the stock of said corporation, less the amount he shall have already paid thereon," &c.

In support of the first proposition the appellant cites section 61 of article 23 of the Code; *Scarlett* v. *Academy of Music,* 46 Md. 132; *Morrison* v. *Dorsey,* 48 Md. 461; *Granite Roofing Co.* v. *Michael,* 54 Md. 65; and *Crawford* v. *Rohrer,* 59 Md. 599. The notice provided for in section 61 relates, however, only to calls upon stockholders made by the directors of the corporation, and an examination of the cases cited will show that they do not hold that the requirements of that section are applicable to the collection of unpaid subscriptions of stockholders by receivers of an insolvent corporation under an order of a court of equity. On the contrary, in *Crawford* v. *Rohrer, supra,* where the suit was by a creditor, JUDGE ALVEY said: "It is well settled that a creditor may proceed in equity, upon an established or admitted claim, against a stockholder or stockholders, to enforce his or their liability to an insolvent corporation, for the amount remaining due on his or their subscription to the stock, although no account is asked to be taken of the other indebtedness of the

company. And it makes no difference in this respect, that by the terms of the subscription, as prescribed by the statute, under which the corporation is formed * * *, the stock may be called in and demanded from the stockholders only 'at such times and in such payments and installments as the trustees, directors or managers may deem proper.' Such call by the trustees, directors or managers, is only a step in the process of collection, and a court of equity can pursue its own mode of collection, so that no injustice be done to the stockholders," and in the case of *Castleman* v. *Templeman,* 87 Md. 546, this Court held that, quoting from the syllabus, "a decree of a court of competent jurisdiction in another state making assessments on the shares of stock of a corporation of that state is binding on stockholders residing in this State, although they were not parties to the suit." There can be no doubt about the power of the Circuit Court of Baltimore City to authorize and direct the suit by the receivers against the appellant for the amount of his unpaid subscription to the stock of the insolvent company, and the provisions of section 61 of article 23 of the Code have no application to the procedure to be adopted by a court of equity. All of the proceedings in the circuit court are not set out in the records of the two appeals mentioned, and if there was any irregularity in them it could have been corrected by appropriate application to that court, and, in a proper case, by appeal to this Court, but we cannot assume in this case that that court, in the exercise of its power and authority, proceeded irregularly or erroneously, or undertake to review its action.

Nor can we adopt the view of the appellant in his second contention, that the stockholders of the company whose subscriptions were rescinded by the decree of the Circuit Court of Baltimore City, for the reasons stated, are not creditors of the insolvent company to the amount paid by them to the company on account of said subscriptions. In the case of *Guarantee Trust & B. Co. of Ga.* v. *Flannery,* 124 Md. 590, this Court said: "Various definitions have been given by the

courts of the term creditor. In the matter of *Putman,* 193 Fed. 464, a creditor is said to be 'a person to whom any obligation is due, one who has the right to require the fulfillment of an obligation,' and in the case of *Chestnut St. Trust & Savings Fund Co.'s Estate,* 217 Penn. 151, it is said that 'a creditor of an estate is one who has a definite demand against the estate or a cause of action capable of adjustment and liquidation upon a trial.' " In the case of *Moneyweight Co.* v. *McCormick,* 109 Md. 183, this Court said: "A party has a right to recover as a debt money obtained from him by fraud or embezzlement," and in the later case of *Downs* v. *Baltimore City,* 111 Md. 674, which was an attachment case, and one of the grounds of a motion to quash the attachment was that the relation of debtor and creditor never existed in respect to the money alleged to have been stolen, JUDGE PEARCE, speaking for this Court, said: "Why then, if by theft, he acquires possession of the goods or money of another, with the intent to defraud such other person, may he not be proceeded against by attachment? Is he any the less, in law or in morals, a debtor, because he has acquired possession of another's goods by violence or trespass, than if he had acquired possession by a contract unmixed with fraud, at the time the contract was made, or by a contract obtained by fraud or artifice on his part? * * * It should be conceded that the claim must arise *ex contractu,* but this contract may be implied, and need not be express." See also 1 *Poe, Pl. & Pr.,* secs. 117, 121, as to what may be recovered under the count for "money had and received," and 2 *R. C. L.* p. 788, where it is said: "Money paid on a contract which has been rescinded may be recovered back in an action for money had and received where the refunding of the money is all that remains to be done."

The general rule stated in *Cantor* v. *Balto. Overall Mfg. Co.,* 121 Md. 65, cited by the appellant, that a stockholder of an insolvent corporation, as such, cannot participate in the distribution of its assets until the claims of undisputed cred-

itors are paid, has no bearing upon the question here involved. The persons whose subscriptions to the stock were rescinded by the court are not creditors as stockholders, but because of the fact that the money paid by them to the company was obtained through the misrepresentations or fraud of the company's agents, and there is no question here between them and other creditors of the company as to the distribution of the company's assets. Section 61 of the 4th volume of the Code referred to, after declaring that a stockholder "shall be liable for the benefit of the creditors of said corporation," further provides: "And in the event of the insolvency of the corporation such liability shall be considered an asset of the corporation and may be enforced by the receiver, trustee or other person winding up the affairs of the corporation." If the corporation through its agents had obtained money by fraud or misrepresentation from any person other than a stockholder, there could have been no question as to the liability of the company for the amount so obtained upon an implied obligation or contract to pay the same, or as to the right of the victim of such fraud to participate as a creditor of the company in the distribution of its assets in the hands of the receivers, and, certainly where the rights of other creditors are not affected, it can, on principle, make no difference that the person so defrauded became, by reason of such fraud, also a subscriber to the stock of the company, and his subscription was thereafter rescinded by a court of equity. Such a subscriber may, at his election, have his contract rescinded, and he thereupon becomes a creditor of the company to the amount paid on his subscription, and entitled, certainly as between him and the company and its stockholders, to all the rights of a creditor. In the case of *Latulippe* v. *New England Inv. Co.,* 77 N. H. 31, the Supreme Court of New Hampshire stated its conclusion as follows: "If the plaintiff was induced to part with her money by the defendant's false representations, she is not one of its shareholders, but one of its creditors, unless she has done something which estops

her to make that claim. If she is a creditor it is of no consequence how she became one."

As the provision of the Code we have quoted declares that every stockholder of a corporation shall be liable for the benefit of the creditors of the corporation to the extent of his unpaid subscription, and makes that liability in the event of the insolvency of the corporation an asset of the corporation, and further declares that such liability shall be enforced by the receivers, and as the stockholders, whose subscriptions were rescinded by the circuit court for the reasons stated, became creditors of the company, the third prayer of the defendant was properly rejected.

A careful examination of the cases cited by the appellant will show that they are not in conflict with the views we have expressed, and as there was no error in the ruling of the court below, its judgment will be affirmed.

*Judgment affirmed, with costs.*