2 Buch.    Siegman v. Electric Vehicle Co.

RICHARD SIEGMAN, complainant-respondent,

v.

ELECTRIC VEHICLE COMPANY and RUDOLPH H. KISSEL, defend-
ants-appellants.

[Argued November 26th, 1906.    Decided March 4th, 1907.]

1. The prohibition of section 30 of the General Corporation act (P. L.
1896 p. 286) that "no corporation shall make dividends except from the
surplus or net profits arising from its business, nor divide, withdraw, or
in any way pay to the stockholders, or any of them, any part of its
capital stock, or reduce its capital stock, except according to this act," is
to be read in connection with the provisions of sections 27 and 29 respect-
ing a decrease of capital stock, and deals with the payment of a dividend
out of capital as amounting in effect to a reduction of capital stock.

2. While it is a function of the board of directors of a corporation to
determine whether net earnings or surplus exist applicable to the payment
of dividends, they cannot, by an erroneous determination of this point,
confer either upon themselves or upon the corporation the power to make
dividends out of capital.

3. The approval of a majority of the stockholders does not validate the
declaration of dividends out of capital.

4. Neither the directors nor a majority of stockholders can waive the
right of the company, under section 30 of the General Corporation act
(P. L. 1896 p. 286), to recover from the directors the amount of divi-
dends made out of capital.

5. The rule that courts will not ordinarily interfere with the internal
management of corporations has no application to transactions that are
ultra vires the company or prohibited by positive law.

On appeal from an order of the chancellor, advised by Vice-
Chancellor Stevens, whose opinion is reported in 71 N. J. Eq.
(1 Buch.) 123.

*Mr. Richard V. Lindabury*, for the appellants.

*Mr. James E. Howell*, for the respondent.

The opinion of the court was delivered by

PITNEY, J.

This is an appeal from an order overruling a plea interposed by the defendants to the complainant's bill of complaint.

The defendant corporation was formed under the General Corporation act of 1896. *P. L. 1896 p. 277.* Complainant, a stockholder therein, seeks in behalf of himself and of every other stockholder to require the defendant Kissel, who was formerly a director of the company, to pay to the company the amount of certain dividends that were unlawfully declared and paid out of the capital of the company, basing his action upon section 30 of the Corporation act as construed by this court in *Appleton v. American Malting Co., 65 N. J. Eq. (20 Dick.) 375.*

The bill sets out that in the year 1899, while Mr. Kissel was a director, two dividends aggregating about $325,000 were declared and paid, not out of the surplus or net profits arising from the business of the company, but out of its capital, and that Mr. Kissel voted to declare these dividends with knowledge that they were paid out of capital.

The plea, without denying this, sets up that in the year 1903, when the complainant made a demand upon the company and its directors and officers that they should take legal proceedings against the former directors (including Mr. Kissel) to recover the dividends in question, no member of the board of directors who were in office at the time of the declaration of the dividends was a member of the board; that the board of 1903 referred complainant's demand to a committee for investigation and report; that this committee made a thorough investigation, and thereupon reported that the claim of the complainant of illegality in the declaration of dividends was without substance; that in the judgment of the committee no action should be brought by the company or in its behalf to recover back the dividends; that in their opinion such an action could not be main-

tained, and that if it could it would be unfair to the directors and detrimental to the best interests of the company. The plea further sets up that the directors examined this report and the documents showing the history and affairs of the company, and, being satisfied from such examination that the dividends complained of were reasonably made, in the light of what was known and believed at the time they were declared, that they were declared fairly and in good faith, and that it was not for the interest of the company that suit should be brought, thereupon resolved that complainant's demand be refused unless and until such suit should be ordered by a majority in interest of the stockholders other than the former directors, and that unless so ordered no suit should be brought by the company or on its behalf to recover said dividends. The plea further sets up that afterwards, on request of the complainant, the directors called a meeting of the stockholders and submitted to them the question whether or not suit should be brought; that at this stockholders' meeting the stock of the former directors was excluded from voting, and that of the stock actually voted one hundred and twenty-four thousand seven hundred and fifty-nine shares were against bringing suit, while only six hundred and fifty shares were voted in favor of it. That the directors and stockholders of the company, in thus refusing to bring suit to recover from the former directors (including Mr. Kissel) any of the dividends so declared, acted in good faith and according to their best judgment for the benefit of the company.

In the court of chancery the plea was overruled and an order made requiring the defendant to answer the bill.

Upon a consideration of the very learned and ingenious argument presented in this court in behalf of the appellant, it is obvious that its entire force depends upon the assumed basis that no question of *ultra vires* arises with respect either to the original act of declaring dividends or to the act of the present directors in refusing to sue. It is insisted that the declaration of dividends is within the power of business corporations; that while they are not to be declared, except out of earnings or surplus, it is for the board of directors to determine whether such earnings or surplus exist, and if in making such determination

they reach a wrong conclusion, either innocently or fraudulently, their act cannot be said to be *ultra vires;* and that the action of the present board in refusing to bring suit cannot be deemed *ultra vires,* because the bringing of actions to redress injuries to the corporation is a part of the internal management of corporations peculiarly within the province of the directors.

It would seem that a similar line of argument may have been presented to the learned vice-chancellor who heard the cause below, for in his opinion he deals with the right of the courts to interfere with the management of corporations in matters that are properly within the discretion of the directors, and where judicial interference is to be justified only on the ground that the discretion has not been fairly exercised. He holds that since upon the pleadings the right of recovery against Mr. Kissel is clear, some good reason should have been given for not suing him, and that the plea is bad for not giving such reason.

Without at all disputing the cogency of the vice-chancellor's reasoning, we prefer to base our affirmance upon grounds that are more fundamental. In our opinion the entire argument for the appellant rests upon a false basis. By the General Corporation act the powers of directors to declare dividends is limited to the distribution in this mode of the accumulated profits of the company. The matter is regulated by section 47, which, prior to the amendment of 1901 (*P. L. 1901 p. 246*), read as follows:

"47. The directors of every corporation created under this act shall, in January in each year, unless some specific day or days for that purpose be fixed in its charter or by-laws, and in that case then on the days so fixed, after reserving, over and above its capital stock paid in as a working capital for said corporation, such sum, if any, as shall have been fixed by the stockholders, declare a dividend among its stockholders of the whole of its accumulated profits exceeding the amount so reserved, and pay the same to such stockholders on demand; *provided,* that the corporation may in its certificate of incorporation, or in its by-laws, give the directors power to fix the amount to be reserved as a working capital."

Not only are the powers of the directors thus limited, but the corporation itself is disabled from making dividends from capital except on observing the formalities and procedure prescribed by

the act with respect to the reduction of the capital stock.    The prohibition is contained in the thirtieth section, which reads as follows:

"30. No corporation shall make dividends, except from the surplus or net profits arising from its business, nor divide, withdraw, or in any way pay to the stockholders, or any of them, any part of its capital stock, or reduce its capital stock, except according to this act, and in case of any violation of the provisions of this section, the directors under whose administration the same may happen shall be jointly and severally liable, at any time within six years after paying such dividend, to the corporation and to its creditors, in the event of its dissolution or insolvency, to the full amount of the dividend made or capital stock so divided, withdrawn, paid out or reduced, with interest on the same from the time such liability accrued; *provided,* that any director who may have been absent when the same was done, or who may have dissented from the act or resolution by which the same was done, may exonerate himself from such liability by causing his dissent to be entered at large upon the minutes of the directors at the time the same was done, or forthwith after he shall have notice of the same, and by causing a true copy of said dissent to be published, within two weeks after the same shall have been so entered, in a newspaper in the county where the corporation has its principal office."

It will be observed that this section recognizes that the payment of a dividend out of capital amounts in effect to a reduction of capital stock.    It deals with such a dividend as only one mode of reducing capital, and it prohibits any such reduction "except according to this act."    The provisions referred to in this exception are those contained in sections 27 and 29, with respect to a decrease of capital stock, authorizing it to be done after the board of directors pass a resolution declaring it to be advisable and calling a meeting of the stockholders to take action thereon, the meeting to be held after notice to the stockholders, and if two-thirds in interest of each class of stockholders having voting powers shall vote in favor thereof, a certificate to that effect, duly authenticated, together with the written assent of two-thirds in interest of each class of stockholders, is to be filed in the office of the secretary of state, and the certificate is to be published for three weeks successively at least once in each week, in a newspaper published in the county in which the principal office of the corporation is located.    Taking the three sections together, they are designed to make sure, *first,* that capital shall not be reduced by indirection nor without deliberate and

considered action taken for that avowed purpose, first by the directors and afterwards by two-thirds in interest of the stockholders, each stockholder having reasonable notice of the meeting and of the purpose for which it is called, and *secondly,* that formal written evidence of the action taken is to be lodged with the secretary of state and published in a newspaper, to the end that all the world may be apprised thereof.

Under this statutory scheme it is manifest that while it is a function of the directors of a corporation to determine whether net earnings or surplus exist applicable to the payment of dividends, they cannot, by an erroneous determination of this point, confer either upon themselves or upon the corporation powers that by the Corporation act are withheld, nor make lawful that which the act has prohibited. If this were permissible, then by the same logic a court that is called upon to pass on the question of its jurisdiction over a given subject-matter might, by an erroneous determination, enlarge its jurisdiction.

Some matters that are *ultra vires* the directors may be *intra vires* the corporation; some matters that are *ultra vires* the corporation may be so, simply because they are unauthorized; other matters may be *ultra vires* the corporation because prohibited by law. The matter we are dealing with comes within the latter category. Not only it is not within the express or implied powers of a corporation to distribute its capital among the stockholders in the guise of dividends as from profits, but the doing of this is expressly and with emphasis prohibited. In *Appleton* v. *American Malting Co., supra,* this court pointed out that the impairment of capital resulting from the unlawful payment of dividends not only renders the corporation less able to conduct its business and to meet its obligations, but tends to the injury of innocent investors by decreasing the actual while increasing the apparent value of the stock, and likewise to the injury of the very stockholders who innocently participate in the distribution, because they are led to treat dividends as income and expend them as such, while in truth they are unwittingly exhausting their principal.

The prohibition of section 30 of our Corporation act is ad-

dressed not merely to the directors but to the company. It is the corporation that is in plain language disabled from making dividends except from surplus or net profits. And the personal liability to make restitution is imposed not merely upon those directors who vote to approve the unlawful dividend, but upon all the directors under whose administration the same may happen, unless they expressly dissent and cause their dissent to be entered upon the minutes and to be published in a newspaper of the county where the principal office of the corporation is located.

Manifestly nothing less than the unanimous voice of the stockholders can sanction the violation of a statutory prohibition, even when the prohibition is intended for the protection of the stockholders only. Where it is intended for the protection of the public as well, or is otherwise dictated by public policy, it is not easy to see how even the unanimous consent of the stockholders may give sanction. This question, however, is not now raised.

It needs no further argument to demonstrate, as we think, that the approval of the unlawful dividends by a majority of the stockholders as set forth in the plea before us does not validate the declaration of the dividends out of capital.

And for the same reason it follows that no conclusive efficacy can be accorded to the resolution of the stockholders approving the action of the present directors in declining to sue the former directors for restitution.

Conceding that with respect to matters that are by law confided to the judgment of the board of directors, their determination with respect to the commencement of an action may, under ordinary circumstances, be binding upon a dissenting stockholder; and that with respect to matters *ultra vires* the directors, but *intra vires* the corporation, the approval by a majority of the stockholders of the action of the directors may, in some cases, amount to a ratification; yet in our opinion, neither a board of directors nor a majority of stockholders can, by ratification, make valid that which the corporation itself is by law prohibited from doing; nor can such ratification be accomplished indirectly under the guise of a refusal to bring an action.

In *United States Steel Corporation* v. *Hodge, 64 N. J. Eq.*

(*19 Dick.*) *807, 811,* referring to a by-law of the corporation that provided for the submission of any contract of the directors to a meeting of the stockholders for their approval, Mr. Justice Van Syckel, speaking for this court, said: "This by-law cannot amplify the powers of the corporation or operate to validate any act *ultra vires* the corporation, but it enabled the stockholders, by a majority vote, to ratify any contract which the entire body of stockholders or the corporation might lawfully make."

Section 30 of the Corporation act not only prohibits dividends from capital, but prescribes a direct method by which the treasury of the company is to be made whole at the expense of the parties responsible. To say that any final discretion is reposed in the directors, or in the majority of stockholders, with respect to waiving such a cause of action, is to say in effect that the same body may, by indirection, confirm the dividends from capital which the law has distinctly prohibited.

It is unnecessary to review the numerous citations from text-books and reported cases to which we are referred by the learned counsel for the appellants. *Cl. & M. Corp.* § *544; Morawetz Corp.* §§ *244, 249; Cook S. & S.* § *750; 4 Thomp. Corp.* § *4487; Lord* v. *Governor and Company of Copper Miners, 2 Phil. 740, 751; MacDougall* v. *Gardiner, 1 Ch. Div. 13, 21, 25; Burland* v. *Earle, L. R. App. Cas.* (*1902*) *83, 93; Dodge* v. *Woolsey, 18 How. 331; Hawes* v. *Oakland, 104 U. S. 450, 460; Corbus* v. *Gold Mining Co., 187 U. S. 455; Leslie* v. *Lorillard, 110 N. Y. 519, 532, 535, 536; Gamble* v. *Q. C. W. Co., 123 N. Y. 91, 99; Dunphy* v. *Traveller Newspaper Association, 146 Mass. 495; Ellerman* v. *Chicago Junction Railways Co., 49 N. J. Eq.* (*4 Dick.*) *217, 232; Edison* v. *Edison United Phonograph Co., 52 N. J. Eq.* (*7 Dick.*) *620.* The effect of these authorities is that courts will not, in ordinary circumstances, interfere with the internal management of corporations acting within their powers; but without exception the same authorities recognize, either expressly or by necessary implication, that this rule has no application to transactions that are *ultra vires* the company or prohibited by positive law.

The order under review should be affirmed, with costs.

*For affirmance*—The Chief-Justice, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Reed, Trenchard, Bogert, Vredenburgh, Vroom, Green, Gray, Dill—15.

*For reversal*—None.