## GOLDSTEIN-FINEBERG COMPANY, PROSECUTOR; v. STATE BOARD OF ASSESSORS ET AL.

Argued February 29, 1912—Decided June 24, 1912.

Stock once issued is and remains outstanding, within the purview of the Franchise Tax act (*Comp. Stat., p.* 5295, § 519). although owned by the corporation issuing the same, until retired and canceled as provided by statute for the reduction of capital stock.

---

On *certiorari* in matter of taxation.

Before Justice TRENCHARD.

For the prosecutor, *Fisk & Fisk.*

For the state, *Francis H. McGee* and *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

TRENCHARD, J.   The Franchise Tax act (*Comp. Stat., p.* 5295, § 519) imposes on certain domestic corporations an annual license fee or franchise tax of one-tenth of one per

·centum on all amounts of capital stock issued and outstanding on January 1st up to $3,000,000.

The prosecutor, one of these corporations, failed to make a return to the state board of assessors for the year 1910, as required by law, and that board levied upon the corporation a tax of $200 for that year upon the basis of $200,000 authorized capital stock.

It appears that prior to December 6th, 1909, two thousand shares of its stock of the par value of $200,000 were issued and outstanding.

The prosecutor claims that on December 6th, 1909, such ·capital stock was decreased to $50,000, and now contends that its tax should be reduced to $50.

In support of that claim we are referred to the minutes of ·a directors' meeting held December 6th, 1909, showing a proposal, in writing, dated that day, signed by the three holders ·of all the capital stock of the corporation (who were also the ·directors thereof), setting forth that "whereas said parties deem it advisable that the amount of capital stock of said ·company outstanding should be reduced to five hundred shares ·by reducing the amount held by each of said parties to one-·quarter of that now held by them," and, therefore, that such ·stockholders offered to "give and assign" one thousand five hundred of such shares to the company. The minutes further ·show that, at such meeting, the directors, by resolution, ac-·cepted such offer for the company, the resolution, however, ·providing "that the said shares of stock *shall be retained by .this company and shall not be retired.*" It further appears that such stockholders thereupon presented their stock certifi-·cates, with assignments endorsed thereon, thus transferring their shares to the company; that they were marked "can-·celed," and new certificates were then issued to them in proper proportion, so that in the aggregate they held five hundred ·shares instead of the total authorized capital stock.

I am of the opinion that the proofs fail to show that the ·capital stock of the company was decreased in such manner as to relieve the corporation from the tax in question.

By section 49 of the Corporation act (*Comp. Stat., p.*

1630), a corporation may issue stock to the amount of the value of property purchased, and this the company appears to have done.

The depositions show that substantially the entire amount of the capital stock in question was issued to these stockholders in payment for property purchased at the time of the organization of the company, but when the company was organized does not appear.

It is now claimed that the property purchased was inadvertently overvalued by the directors, and that their revised judgment as to value resulted in the transaction in question.

Whatever the motive for the action may have been, there is no proof that the value originally placed upon the property was excessive *at the time it was purchased and paid for in stock.*

The only question to be considered, therefore, is, what is the effect of the transaction as exhibited by the minutes?

The rule is that stock once issued is and remains outstanding, within the purview of the Franchise Tax act (*Comp. Stat., p. 5295, § 519*), although owned by the corporation issuing the same, until retired and canceled as provided by statute for the reduction of capital stock. *Knickerbocker Improvement Co. v. Board of Assessors, 45 Vroom 583.*

Plainly, the stock in question was not retired. It was given and assigned to the company upon the express condition that it should be retained by the company and should not be retired. Moreover, the method provided by sections 27, 29 and 30 of the Corporation act (*Comp. Stat., p. 1612 et seq.*) was not followed. Notably, there was no written evidence of the action taken lodged with the secretary of state and published in a newspaper, as required by such sections. *Knickerbocker Improvement Co. v. Board of Assessors, supra.* See, also, *Siegman v. Electric Vehicle Co., 2 Buch. 403.*

The assessment by the state board of assessors was, therefore, lawfully made, and will be affirmed, with costs.