VULCAN WHEELS, INCORPORATED, PROSECUTOR, v. J. H. THAYER-MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

Submitted January term, 1935—Decided July 3, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Everett B. Smith.*

For the defendant, *David T. Wilentz,* attorney-general, and *John Solan,* assistant attorney-general.

PER CURIAM.

Prosecutor is a New Jersey corporation. Its amended certificate of incorporation authorized the issue of forty thousand shares of no par value stock of three classes, viz.: one thousand shares of convertible preferred; nine thousand shares of non-convertible preferred, and thirty thousand shares of common stock. The preferences conferred by the two classes of preferred stock related to the payment of the stated dividend, and participation in the corporate assets in the event of liquidation, voluntary or involuntary. Redemption rights upon stated terms were reserved. On January 22d, 1932, it filed a report with the state tax department, showing that, on the first day of that month, it had twenty-one thousand seven hundred shares of no par value stock issued and outstanding in the following classes, viz.: one thousand shares of convertible preferred; seven hundred shares of non-convertible preferred, and twenty thousand shares of common stock. A franchise tax was levied accordingly.

At a meeting of the board of directors of the corporation, held on December 29th, 1932, the holders of all the shares of stock, preferred and common, issued and outstanding (the

outstanding shares then totaled twenty-one thousand seven hundred) surrendered their holdings, pursuant to an agreement, and received in lieu thereof one hundred shares of the corporation's common stock. No other action relating to this change in stockholdings was taken by the stockholders prior to January 1st, 1933, and no certificate or statement thereof was filed with the secretary of state on or before that date. On February 2d, 1933, the corporation filed with the state tax department a report showing that, on January 1st, 1933, it had issued and outstanding one hundred shares of common stock of no stated value. The state tax commissioner, disregarding the action taken by the stockholders, levied a franchise tax for the year 1933 on twenty-one thousand seven hundred shares of stock. The state board of tax appeals affirmed this levy; and the corporation sued out a writ of *certiorari*.

Prosecutor asserts the actual cancellation, on December 29th, 1932, within the intendment of the Corporation Franchise Tax act of 1884 (4 *Comp. Stat., p.* 5286), as amended by chapter 98 of the laws of 1932 (*Pamph. L.* 1932, *p.* 168; *N. J. Stat. Annual* 1932, *p.* 363, § 208-519), of all the stock, preferred and common, then issued and outstanding; and that there were on the taxing date only one hundred shares of common stock of no stated or par value issued and outstanding.

But the statutory requirements for a valid cancellation of the issued stock were not met. Paragraph 27 of the General Corporation act (2 *Comp. Stat., p.* 1612), as amended by chapter 220 of the laws of 1931 (*Pamph. L.* 1931, *p.* 542; *N. J. Stat. Annual* 1931, *p.* 94, § 47-27), prescribes the mode of procedure for making effective the change contemplated here. It ordains that a change of this character shall be approved by two-thirds in interest of each class of stockholders having voting powers, in meeting assembled called by the board of directors by resolution declaring that "such amendment, change or alteration" is advisable, and "a certificate thereof * * * filed in the office of the secretary of state." Compliance with this provision is a prerequisite to valid corporate action. *Knickerbocker Importation Co.* v. *Board of Assessors*, 74 *N. J. L.* 583; 65 *Atl. Rep.*

913. *Goldstein Fineberg Co.* v. *Board of Assessors,* 83 *N. J. L.* 61; 83 *Atl. Rep.* 773.

The claim that these provisions of the statute do not apply where there is a mere "decrease of the amount of shares issued and outstanding," and "not in the authorized capital stock," has been disposed of in the cited cases. The holding was that "stock once issued is and remains outstanding until retired and canceled by the method provided by the statute for the retirement and cancellation of capital stock." The assessment was therefore proper.

Judgment affirmed, with costs.