## ELLA L. CASTLEMAN *vs.* ALEX. E. TEMPLEMAN ET AL., Executors.

*Corporations—Unpaid Subscriptions to Stock—Assessment by Court of Another State—Right of Foreign Receiver to Sue in this State.*

A decree of a Court of competent jurisdiction in another State making assessments on the shares of stock of a corporation of that State is binding on stockholders residing in this State, although they were not parties to the suit.

The receiver of a foreign corporation appointed in another State is allowed by comity to institute suits in this State to recover unpaid subscriptions to the capital stock, when there are no creditors of the corporation in this State.

When a receiver appointed by a Court in another State desires to institute a suit in a Court of this State, the proper practice is for him to file a petition setting forth the facts upon which his right to sue depends and asking permission so to do.

A receiver was appointed for an insolvent corporation in Virginia and he was directed by the decree to collect and sue for in any Court the unpaid subscriptions to the capital stock of the corporation, and to pay the same to A., a judgment creditor of the corporation and the only creditor. A. filed a bill in this State against defendant to recover his unpaid subscription. *Held,* that A. could not maintain the suit in his own name, since his right to proceed against the stockholders was merged in the decree, and the decree directed payment to be made to the receiver, and it makes no difference that the receiver was made a party defendant and consented to the relief asked for in the bill.

Appeal from a decree of Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.), dismissing the bill of complaint.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ. (March 2, 1898).

*Michael A. Mullin* and *Alfred Bagby, Jr.,* for the appellant.

*Thos. Ireland Elliott* and *Frederick T. Dorton,* for the appellees.

BOYD, J., delivered the opinion of the Court.

The appellant, as a creditor of the Salem Loan and Real Estate Investment Company, a corporation chartered under the laws of the State of Virginia, filed the bill in equity in this case to enforce payment of subscriptions to the stock of that company, alleged to have been made by James A. Templeman and Thomas A. Bryan, who were residents of this State. James A. Templeman having died before the bill was filed, his executors and his wife, who was residuary legatee, for life, under his last will and testament, were made parties. The decree below having dismissed the bill of complaint as to them, the appellant took this appeal, and the decree being in her favor against Thomas A. Bryan, he took an appeal which will be disposed of in the next succeeding case. The appellant obtained a judgment against the company in the Circuit Court of Roanoke County, Va., and afterwards filed a bill in equity in that Court, which resulted in a decree establishing an indebtedness due her by the company on the judgment of over seven thousand dollars, and appointed A. B. Pugh receiver, directing him to take charge of all the assets of the company (excepting the real estate which was sold by a trustee named in a deed of trust and only realized a few hundred dollars), and to collect the unpaid subscriptions from the resident stockholders who were named, together with the amounts due by each. Shortly afterwards another decree was entered which confirmed a report of the receiver, which stated that he had collected one thousand and fifty dollars from two resident stockholders, and had paid over to the plaintiff the balance, after deducting costs, and had issued executions against the other resident stockholders which had been returned " no effects." It was then further decreed that the several non-resident stockholders of the company, as shown by the report of a commissioner previously filed in the case, pay to said A. B. Pugh, receiver, the amounts due by them respectively as follows : T. A. Bryan the sum of $3,300; J. A. Settle the sum of $2,504, and J. A. Templeman the sum of $1,250—

the two decrees including all the stockholders, and the assessments being for the entire amount of subscriptions unpaid. The decree further provided that "said A. B. Pugh, receiver, is authorized to collect said several sums of money, and to sue for the same in any proper Court or Courts having jurisdiction of the person or property of the parties owing the same, whether in this State or any other State, District or Territory of the United States. And said receiver shall report to the Court."

The evidence shows that the amounts stated above were still due on stock in the name of Messrs. Templeman and Bryan, but it is denied that J. A. Templeman ever subscribed for the stock. The directors of the company had made several assessments, amounting in all to 50 per cent. of the stock, which had been paid, leaving the above amounts still due, as claimed by the appellant. The Court below held that J. A. Templeman had not subscribed or ratified the subscription in his name. From the view we take of the case it will be unnecessary to discuss that question, as well as some others that were argued. Neither Templeman nor Bryan were served with process in the Virginia Court, although they were made parties and proceeded against by an order of publication, and hence there could be no valid decree *in personam* against them, but in the case of *Glenn, Trustee,* v. *Williams,* 60 Md. 93, this Court held that a decree of the Virginia Court making assessments on stock of a Virginia corporation, held by stockholders who were not parties to the suit, was valid and binding on them, both as to the necessity for the assessment and the amount thereof. It was there said that "when the Court obtained jurisdiction of the corporation, every stockholder, in his corporate capacity, was a party to the cause, and was supposed to be represented by the president and directors, who were intrusted with the management of the corporate interest of all the stockholders;" and again it was said, " The judgment is conclusive as against the corporation and its property, and upon principle those who hold its property or funds for the

payment of debts ought to be concluded, except where there has been fraud or collusion." That decision has been distinctly approved of by the Supreme Court of the United States in *Glenn* v. *Hawkins*, 131 U. S. 330, and other cases in this State, as well as elsewhere. Of course it does not decide that one who is alleged to be a stockholder is precluded by such a decree, in a case to which he was not personally a party, from showing that he was not a stockholder or that he had actually paid for the stock subscribed for by him, but when the fact is established that he is the owner of stock liable to assessment, which is not paid in full, the assessment made by a Court of Equity having jurisdiction over the corporation is binding on him. In the absence of authorized assessments by the president and directors, the Court has the power to make them, and until they are made the stockholders are not called upon to pay. The authority of the president and directors to make assessments is the same in this case as it was in *Glenn* v. *Williams*—the statute requiring a payment of two dollars upon each share at the time of subscribing, and the residue as required by the president and directors. The appellant, having obtained the decree from the Virginia Court thus establishing the amount to be paid by each stockholder, being the balance of the unpaid subscriptions, filed this bill on behalf of herself and any other creditors of the company, who may make themselves parties and contribute to the costs of the suit.

In her bill filed in Virginia she alleged that there was no other creditor, and as the decree of that Court directed the money collected to be paid over to her, she apparently satisfied that Court that such was the case. It is not contended that there are any creditors residing in this State, and we understand it to have been conceded that the appellant did not reside here. The important question therefore for us to decide is whether the appellant, after obtaining such a decree in the Virginia Court as we have referred to, can now sue in her own name to recover the amount of the unpaid subscriptions alleged to be due by Thomas A. Bryan

and the estate of J. A. Templeman. The bill alleges that the receiver made demand upon the executors of Templeman and on Bryan for the balance alleged to be due by them respectively, but they refused payment and that the receiver has taken no further steps to collect them, although it is not alleged that he was unwilling or unable to do so. So far as we are informed, and indeed it is so stated in the brief of the appellant, there is no statutory remedy in Virginia in favor of creditors directly against stockholders for unpaid subscriptions. The right of the appellant therefore to proceed against them must depend upon the principle established by Courts of Equity, that unpaid subscriptions to stock of an insolvent corporation constitute a trust fund for the payment of debts, and that, notwithstanding the company may have failed to make a call or assessment, a Court of Equity can make its own call for such amount of the unpaid subscriptions as is necessary to pay the debts. The appellant went into the Virginia Court and asked for the appointment of a receiver to take charge of the assets of the company, including the unpaid subscriptions to its capital stock, and that the stockholders of the company " after they shall have been definitely ascertained, and their respective liabilities in the premises determined, may be required *to pay to such receiver* or to some one especially appointed by the Court for the purpose, so much of their unpaid subscriptions, respectively, as may be found necessary to pay the plaintiff 's said judgment and the costs of this suit." That Court granted her prayer, made the assessments relied on as the basis of this proceeding, but, in doing so, expressly directed that they should be paid to A. B. Pugh, receiver, and authorized him to sue for them. That decree, as we have said, is binding on and conclusive against the stockholders to the extent of determining the necessity for and the amount of the assessment, and until the assessment was made there was no unconditional liability on the stockholders who had paid the calls made by the president and directors. But the appellant having obtained a decree in a Court of com-

petent jurisdiction, by which *the receiver and not herself*, is authorized to collect the amounts due by the stockholders, as fixed by the assessment of the Court, her right to sue for them is merged in that decree.    Payment to the receiver would have been an absolute bar to her recovery, and he undoubtedly has the privilege of suing in any Court which will recognize his authority.    The only possible ground that she can now have to sue in another Court must be the inability of that receiver, or any one appointed in his place, if he decline or fail to act, to enforce the collections.    In that event she might have some standing in a Court of Equity, but when her suit is founded on a decree; obtained at her instance, which directs the assessment made to be paid to another person, as an officer or representative of the Court, the inability of the latter to proceed should certainly be definitely and clearly established in order to enable her to maintain the proceeding in her own name.    Has that been done in this case?

That the receiver could have instituted suits in the name of the company, for his use, would seem to be clear.  Whilst the company is shown to be insolvent, it has not been dissolved so far as the record discloses.    If it has not been dissolved, or if it has been and the Virginia law authorizes suit to be brought by the receiver, in the name of the company, there is express authority for such proceeding in this State in the case of *Lycoming Fire Insurance Company, use of Beeber, Receiver*, v. *Langley*, 62 Md. 196.    In that case a receiver had been appointed in Pennsylvania and assessments had been made on a premium note given to the Insurance Company by which the defendant promised to pay the amount named "in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation, require." One of the assessments was made after the receiver was appointed by the Pennsylvania Court, and this Court held that the action could be maintained in the name of the company.  We can see no distinction in principle between that case and this, so far as

the right of the receiver appointed by the Court of another State to sue—making the company the legal plaintiff. Many authorities have held that, unless otherwise provided by statute, a receiver must sue in the name of the party over whom he has been appointed, if the legal title has not been formally assigned to him, and although in this State a receiver can sue in his own name, if so authorized by the Court, he can also sue in the name of the original party. *State, use of Hughes,* v. *Wilmer, Administrator,* 65 Md. 178 ; 62 Md. 196, *supra.*

But· under the circumstances of this case, the receiver was not confined to that method of proceeding. We understand it to be conceded that there are no creditors of this company residing in this State, and, if not conceded, there is no allegation in the bill, or even suggestion in the testimony or other part of the record, that any of the citizens of this State are interested in the distribution of the assets of this company. The Courts of this State had not taken jurisdiction over the subject-matter of this suit or any of the property of the defendant, when this bill was filed. The subscriptions alleged to be due by Templeman and Bryan must be treated as Virginia contracts, as they were to be performed there and the rights and liabilities of the parties under them are to be determined by the law of that State. *Fear* v. *Bartlett,* 81 Md. 446. The Virginia Court had jurisdiction over the subject-matter and has exercised it as far as it could in that State. Under these circumstances we can see no reason why the receiver should not be permitted to sue here—not because he, as a matter of right, can demand recognition in this State, but through comity between the States, which should permit the representative of the Court of one State to sue in another, when such suit does not injuriously affect the interests of the citizens of the latter, or violate its policy or laws. It is true that as a general rule the functions and powers of a receiver, for the purpose of litigation, are limited to the Courts of the State within which he has been appointed and that he has no extra-ter-

ritorial jurisdiction and that such rule has been more than
once announced by this Court. *Bartlett* v. *Wilbur*, 53 Md.
485 ; *Lycoming Fire Insurance Company* v. *Langley, supra* ;
*Day* v. *Postal Telegraph Company*, 66 Md. 354. But as is
said in 20 Am. and Eng. Ency., 244, in referring to the ex-
ception to this general rule, " The authorities supporting
this exception are so numerous and the language of the
Courts so favorable to its extension, that it seems certain
the exception will soon, if it has not already, supersede
the general rule." In 53 Md. 485, and 66 Md. 354, *supra*,
this Court recognized the fact that there were exceptions
to the general rule, but in those cases the exceptions did
not apply as the exercise of the jurisdiction of the Courts
of this State had been previously invoked in regard to the
same subject-matter. In the case of *Hurd* v. *City of Eliza-
beth*, 41 N. J. L. 1, the question is very fully and ably con-
sidered. The decision of the Supreme Court of the United
States in *Boothe* v. *Clark*, 17 How. 322, which has been fol-
lowed by Courts adopting the general rule, including our
own, is fully recognized by the Supreme Court of New Jer-
sey, which held that although a receiver could not sue or
otherwise exercise his functions, in a foreign jurisdiction, if
such acts would interfere with the policy of the law in the
foreign jurisdiction, or be to the detriment of resident cred-
itors, yet " after completely protecting its own citizens and
laws, the dictates of international comity would seem to re-
quire that the officer of the foreign tribunal should be
acknowledged and aided." To the same effect are the cases
of *Bank* v. *McLeod*, 38 Ohio St. 174 ; *Gilman, Admr.*, v.
*Hudson River Company*, 84 Wis. 60 (*S. C.* 23 L. R. A. 52,
where there is an excellent note on the subject) ; *Boulware*
v. *Davis*, 90 Ala. 207 ; *Bagby* v. *A. M. & Ohio R. R. Co.*,
86 Pa. 291 ; *Mitzner* v. *Bauer*, 98 Ind. 427 ; *Pugh, Re-
ceiver*, v. *Hurtt*, 52 How. Pr. 22.; *Patterson* v. *Lynde*, 112
Ill. 196, and other cases cited in 23 L. R. A. 52, and in 20
Am. and Eng. Ency. 241–245.

It will be seen from an examination of those cases that

the tendency is to recognize the exception to the general rule, and to apply it when it can properly be done within the lines indicated above, and we are of opinion that the exception is a proper one and will often promote the ends of justice without in any way being in conflict with the previous decisions of this Court.    Of course we do not mean that the privilege shall be granted to a foreign receiver to sue for all kinds of property, but for a debt of the character of that before us we can see no reason why he should not be recognized and aided by our Courts under such or similar circumstances as those disclosed by this record, to which we have referred.    The appellant has undertaken to meet this by saying that the Virginia receiver was made a party defendant to this bill and has answered consenting to a decree, but that will not do.    The receiver is an officer of the Court which appointed him and is subject to its orders.    He is by the decree appointing him expressly required to report to that Court.    It would seem to be clear then that he has no authority to bind the Virginia Court or right to thus relieve himself of the duty assumed by him. Besides we have said the appellant has no standing in Court to institute proceedings of this kind, because her right to proceed individually against the stockholders has been merged in the decree, obtained by her, directing the receiver to collect the very debts she now seeks to collect.    She therefore cannot maintain the suit herself, nor can she confer on herself the right to sue the Templemans and Bryan by joining the receiver with them as co-defendant.    The proper course for her to pursue is to require the receiver to proceed, or if he refuses to do so, to have another person appointed who will obey the order of the Court appointing him.

It will not be out of place to say that when a receiver appointed by the Court of one State desires to sue in a Court in another State, it would be a proper practice for him to file a petition, setting forth such facts as we have indicated

as sufficient to enable him to do so in the latter Court, asking permission to sue.

As we are of opinion that the bill of complaint must be dismissed on the grounds we have stated, it will not be necessary to discuss the other questions raised. Indeed, as it is intimated in the brief of the appellant that additional evidence can be obtained as to whether J. A. Templeman did subscribe for the stock, and as the evidence does not clearly show whether the notice to creditors was given by his executors before they settled their final account, relied on as a bar in this proceeding, we deem it proper not to pass on those questions, but will for the reasons we have given affirm the decree dismissing the bill in this case.

> *Decree affirmed with costs to the appellees.*

(Decided April 1st, 1898).