# FRANK B. STOCKLEY, Receiver, *vs.* JACOB THOMAS & SON.

*Receivers—Foreign Insolvent Corporation—Regulating Internal Management of Foreign Corporation.*

A Court of Equity of this State has jurisdiction to appoint a receiver to take charge of the property here of an insolvent foreign corporation, in order to pay, first, debts of creditors in this State, and then to transmit any balance remaining to the receiver appointed in the State of the domicil of the corporation.

But a receiver for such a corporation will not be appointed here unless it be shown that he will be able to exercise the powers of a receiver.

When the only assets of the insolvent foreign corporation, an assess-
ment insurance company; in this State, consists of claims against
citizens of this State, and the evidence necessary to prove same are
in the possession of the foreign receiver, and when such claims are
collectible only after an assessment made in pursuance of the by-
laws of the company, a receiver appointed in this State would not
have power to make such assessments, since to do so would involve
the management of the internal affairs of a foreign corporation, and
consequently a receiver will not be appointed here.

Appeal from an order of the Circuit Court of Baltimore
City (Wickes, J.)

The cause was argued before McSherry, C. J., Fowler,
Briscoe, Boyd and Pearce, JJ.

*John Prentiss Poe* (with whom was *E. Cooper Shapley* on
the brief), for the appellant.

The order appointing the receiver was erroneous and
should be reversed :

1. Because the appellees did not file with their bill a
copy of the proceedings in the Pennsylvania Court, in
which a receiver was appointed.

2. Because at the time the bill was filed the defendant
corporation had ceased to exist.

3. Because the bill does not show that the property to
be affected by it, or any part thereof, was within the con-
trol or jurisdiction of the Court, nor does the bill show the
existence of any real or personal property lying or being in
this State.

4. Because the mere averment that the defendant has
" assets " in Maryland is insufficient.

5. Because the exclusive right of the appellant as foreign
receiver to collect the debts due to the corporation should
have been respected.

*Joseph W. Hazell* and *Robert E. Gerhardt*, for the appellees.

Fowler, J., delivered the opinion of the Court.
The bill in this case was filed by Jacob B. Thomas and
others, trading as Thomas and Son, for themselves and other

Maryland creditors, against the People's Mutual Live Stock Insurance Company of Pennsylvania, asking for the appointment of a receiver to take charge of the assets of the defendant and to collect the debts due it within this State and apply the same, after reducing them to cash, to the payment of the claims of Maryland creditors. The bill alleges that the defendant company issued to the plaintiffs a policy insuring for the term of three years the life of a gelding owned by the plaintiff, and refers to said policy and makes it a part thereof ; it also alleges that the animal so insured was, while said policy was in full force, with the consent of the defendant, destroyed, because it had contracted an incurable disease; that in accordance with an agreement which is filed and made part of the bill, the plaintiffs agreed under seal to accept in full settlement of all claims, &c., under said policy, the sum of one hundred dollars ; that the defendant company being a Pennsylvania corporation, was, by an order of Court of that State of competent jurisdiction, placed in the hands of the appellant as receiver on the 2nd May, 1898 ; that the defendants have not received the said sum or any part thereof due under said policy, and that they are therefore creditors of the defendant corporation ; that the said corporation is insolvent and has assets in this State and owes debts to the plaintiffs and others, who like them are citizens of this State, and that the assets of said company, within the jurisdiction of the Circuit Court of Baltimore City, are applicable first to the payment of Maryland creditors. In addition to the policy of insurance on which, together with the agreement referred to, the plaintiff bases his claim, there were filed with the bill and made part of it, the said agreement, and a letter from the Pennsylvania receiver informing the plaintiffs that he had been by the order of the Pennsylvania Court so appointed. An order of publication in the usual form was passed on the 10th January, 1899, by the Circuit Court of Baltimore, requiring the defendant to appear and show cause why a decree should not be passed as prayed, and on the same day such an order

was passed. A few days thereafter the Pennsylvania re-
ceiver—the appellant, filed his answer, and on the 25th ot
same month moved to rescind the order of the Circuit Court
of Baltimore City appointing a receiver. This motion was
overruled, and this appeal was taken by Frank B. Stockley,
the Pennsylvania receiver, from both the order appointing a
receiver and also from the order refusing to rescind.

It is conceded, however, that the appeal from the latter
order must be dismissed. *Hull* v. *Caughy*, 66 Md. 104.
The only question, therefore, presented is whether the bill
and the exhibits which form a part thereof present a proper
case for the appointment of a receiver.

Undoubtedly a Maryland Court of Equity will in a proper
case appoint a receiver here to take charge of and sell the
property of an insolvent foreign corporation to pay, first, the
debts of Maryland creditors, and if there be any balance
remaining to turn it over to a receiver appointed in another
State upon a proper application made here for that purpose.
*Day et al.* v. *Postal Tel. Co.*, 66 Md. 354; *Failey* v. *Fee*, 83
Md. 83; *Castleman* v. *Templeman*, 87 Md. 546; *Southern
Bldg. Asso.* v. *Price*, 88 Md. 155. But, before the jurisdic-
tion of a Court of Equity can be successfully invoked, it
must clearly appear that the receiver who is to be appointed
will be able to exercise the powers proposed to be conferred
on him. The bill filed in this case, while alleging that the
defendant company has assets within the jurisdiction of the
Circuit Court of Baltimore City, fails to state the nature of
such assets, whether consisting of real or personal property
or both, or entirely *choses in action*. It seems to be con-
ceded, however, that the only corporate assets of the de-
fendant within this State are alleged debts due to it by citi-
zens of this State. How would it be possible for the Mary-
land receiver to enforce these claims while the evidences of
the debts are in the possession of the Pennsylvania corpora-
tion, or in the hands of its receiver, who doubtless has been
authorized by the Pennsylvania Court to sue for and recover
them. But, in addition to this difficulty, it must be remem-

bered that the debt due the plaintiffs, and which is the foundation of their bill, is not an absolute claim. Both the policy, by which the original sum was agreed to be paid, as well as the agreement under seal, whereby a less sum was agreed to be taken in discharge of the original indebtedness, provide that payment shall be made with money collected by the defendant by means of assessments on its policy-holders, in accordance with its by-laws, rules and regulations and the conditions and agreements appearing on the policy. But the bill not only fails to allege that the asssessment, out of which the policy provides the plaintiff was to be paid, has not been made by the defendant, but it also omits to make any allegation to show how or in what manner the Maryland receiver could exercise the powers of the defendant company in making and collecting assessments. In the case of *Castleman* v. *Templeman*, 87 Md. 554, it was said that, while it was not intended that the privilege should be granted to a foreign receiver to sue *for all kinds* of property, yet there was no reason apparent why he should not be allowed to sue for and recover an assessment on stock under the circumstances disclosed by the record in that case—one of them being that there were no creditors of the insolvent corporation here. But if it be true that neither the plaintiffs nor the receiver appointed by the Circuit Court of Baltimore City on their application can make assessments, and if there be no other way by which money can be collected to pay their debt then, *ex necessitate*, whether there be creditors here or not, the foreign receiver must be recognized for this purpose at least. *Lycoming Fire Ins. Co.* v. *Langley*, 62 Md. 196. And the inquiry therefore arises whether the Maryland receiver, appointed by the order appealed from, can exercise the power of making assessments upon the policy-holders of the defendant company. How are these assessments to be made? In accordance with the by-laws of the defendant, which are printed upon and made part of the policy. Sec. 3 of Art. IV of these by-laws provides that the losses are to be paid " by assessments levied upon

the members or policy-holders, which will be made in exact proportion to the losses sustained. A full statement of the losses assessed for will be sent with each assessment." Who, except the defendant corporation, or its receiver, who is presumably in possession of all its books, papers, records and accounts and who doubtless is clothed with express power to levy assessments and collect them in Pennsylvania " or elsewhere," can possibly ascertain the losses sustained, in order to make the assessment in exact proportion thereto as required. Nor would it be in the power of the Maryland receiver to demand any information whatever from the defendant company, nor of a Court of this State to enforce any order against the defendant or its receiver. But in addition to what we have said, it is perfectly clear that, in order to make an assessment as required, the Circuit Court or its receiver would have to assume the management of the internal affairs of the Pennsylvania corporation, and this, as we held in *Condon* v. *Mutual Reserve Fund Life Association, ante,* p. 99, is beyond its jurisdiction. We can add nothing to the clear and exhaustive discussion in that case of the extent and limitations of the jurisdiction of our Courts when applied to foreign corporations.

But, in conclusion, the plaintiffs have voluntarily abandoned the Courts of this State, and have agreed that the contract on which they base their claim is a Pennsylvania contract, and that suit thereon shall be brought in a Court of that State. The 19th sec. of "Conditions and Agreements" to which the policy was made subject, provides, among other things, that in case any suit or action shall be brought against the defendant corporation on the policy, it shall be instituted in the city of Philadelphia and prosecuted in the Courts of that city, " as there is where the home office and books of the company are kept, and all contracts are made and entered into." In the absence of any allegation to show that the assessment and agreement has not been made, and especially in the absence of any allegation to show that the Court selected by the agreement of the parties is not

able and willing to afford full relief, we can see no good reason why the bill filed in this case should, even if it could, be entertained by a Court of this State.

As it follows from what we have said that the bill must be dismissed, it will not be necessary to consider the other grounds upon which the appellant relied.

*Order reversed and bill dismissed.*

(Decided June 22nd, 1899).