INTERSTATE TRUST AND BANKING COMPANY et al., Receivers, Respondents, v. DIERKS LUMBER & COAL COMPANY, Appellant.

Kansas City Court of Appeals, October 15, 1908.

1. RECEIVERS: Discharge: Right to Sue. On final discharge a receiver ceases to be a representative of his court and can neither sue nor be sued as such.

2. ———: ———: ———. A receiver appointed by a foreign court is entitled to sue in the courts of this State.

3. ———: ———: ———: Abatement of Action. The fact that a foreign receiver may be discharged by his court after he has brought suit in this State, will not authorize the abatement of the action, which may be prosecuted in his own name or in that of his transferees.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Kirkpatrick & Schwind,* for appellant, filed argument.

*Haff & Michaels,* with *Sholars & Williamson,* for respondents, filed argument.

JOHNSON, J.  This is an action on an account for merchandise sold and delivered to defendant by plaintiffs as receivers of Powell Brothers & Sanders Company, Limited, a corporation created under the laws of Louisiana.  Material facts appearing in the record, stated chronologically, are as follows:

December 1, 1905, plaintiffs were appointed receivers of the Powell Brothers and Sanders Company, Limited, by the District Court of Vernon Parish, Louisiana. They qualified as Receivers and became possessed of the assets of the corporation.  In February or March, 1906, they sold and delivered to defendant—a lumber merchant doing business at Kansas City—lumber in carload lots of the total price of $5,336.88. The account fell due the first day of May following, and all of it was paid by defendant except $642.15, to recover which amount plaintiff brought this suit in the Circuit Court of Jackson county, on the 10th day of September, 1906.  Defendant answered and filed a counter-claim for $880.00, damages alleged to have been sustained by it in consequence of a breach by plaintiffs of a contract to sell and deliver other cars of lumber to defendant.

December 20, 1906, the District Court of Vernon Parish, Louisiana, made on order in chambers in the receivership proceeding from which we quote: "First. That Interstate Trust and Banking Company and Thomas C. Wingate, receivers of this court of the property of Powell Bros. & Sanders Company, Limited, are hereby discharged as such and relieved of full responsibility in the premises, and are hereby authorized and empowered and directed to deliver and restore to Powell Bros. & Sanders Company, Limited, all of the property,

assets and effects of said company in their possession as such receivers, taking from said company receipts and releases in triplicate, one of which receipts shall be filed herein.

"Second. That the bond tendered by Powell Bros. & Sanders Company, Limited, in the sum of twenty-five thousand dollars, with the United States Fidelity & Guarantee Company, as surety, to guarantee the payment by Powell Bros. & Sanders Company, Limited, of all lawful debts of said company now unpaid (except the debts purchased by D. G. Sanders in his individual name, or in his trade name of D. G. Sanders Lumber Company), is hereby accepted and approved and ordered filed herein.

"Third. That Powell Bros. & Sanders Company, Limited, shall assume and pay as and when due, the accounts payable of the receivers herein, and shall pay within six months from the date of this order all the lawful debts of said Powell Bros. & Sanders Company, Limited, and in the event of their failure to do so, the court reserves the right to retake the property and place the same in the hands of its receiver or receivers. . . .

"Fifth. That the receivers shall forthwith proceed to pay out of the funds placed in their hands by Powell Bros. & Sanders Company, Limited, the debts of the receivership that are now due and payable.

"Sixth. That as soon as said debts are paid said receivers may apply for final discharge and the cancellation of their bonds."

It does not appear that any order was made subsequently for the final discharge of the receivers.

Before trial, defendant filed an amended answer and counterclaim in which, to the other defenses, it added one in the nature of a plea in abatement, as follows: "As a further defense and without abandoning or waiving any other defense pleaded herein, defendant denies that plaintiffs are receivers of Powell Brothers and

Sanders Company, Limited, and alleges the fact to be that, since the commencement of this action and since the filing of defendant's first amended answer herein, the plaintiffs have been, by the order and judgment of the District Court of the State of Louisiana, under which they claimed appointment, discharged and dismissed, and are no longer qualified or acting receivers of Powell Brothers and Sanders Company, Limited. That plaintiffs are not in possession of any of the property or assets of Powell Brothers and Sanders Company, Limited, and have no right, title or interest in the subject-matter of the cause of action set up in the petition, and are not entitled to maintain this action."

A jury was waived by the parties and after hearing the evidence, the court found all the issues in favor of plaintiffs and entered judgment in their favor for the full amount demanded. Defendant appealed and presents for our determination but one contention, viz., that plaintiffs were disabled from prosecuting the action by their discharge in the court which appointed them.

On the final discharge of a receiver, he ceases to be a representative of the court and becomes *functus officio*. [High on Receivers (3 Ed.), 767.] He can neither sue nor be sued as the representative of the estate. But should we concede (and we do so only arguendo) that the order before us was the legal equivalent of an order for the final discharge of the receivers, we do not perceive any good reason for holding that such discharge compels the abatement of this suit.

Plaintiffs brought the suit to enforce a contract of sale they made, as receivers, with defendant. Though appointed by a foreign court, they were entitled to enforce a demand of such character in the courts of this State, either under rules of comity or those of law. The subject of the contract they made with defendant being the sale of property of an estate already reduced to their possession as receivers, there can be no question of their

right to sue in a jurisdiction foreign to that of their appointment. [Robertson v. Stead, 135 Mo. 135.] And we shall regard the question before us as though it had been raised in an action brought by receivers appointed by a court in this State.

The effect of an order discharging the receiver and restoring the estate to the corporation during the pendency of a suit properly brought by the receiver in his representative capacity is not to compel the abatement of the suit. In such cases, the provisions of section 764, Revised Statutes 1899, should be applied and the corporation, treated as the transferee of the cause of action, should be substituted on its motion, or the motion of the receiver, as the party plaintiff. Should the parties to the transfer elect to proceed with the cause in the name of the receiver, they should be permitted to do so and, thereafter, the plaintiff should be regarded as the trustee of the transferee and not as the representative of the court. This would be in accord with the plain purport of the statute and would do no injury to any right of the defendant. It follows that no error was committed by the court in the refusal to dismiss the action on the ground under consideration.

The request of plaintiffs that ten per cent damages be awarded for vexatious appeal is denied, and the judgment is affirmed. All concur.