H. F. HOLBROOK, Receiver, *v.* INDUSTRIAL TRACTOR & EQUIPMENT COMPANY, INC.

[No. 63, January Term, 1935.]

*Decided April 3rd, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John S. Stanley,* with whom were *Raymond S. Williams* and *Hershey, Donaldson, Williams & Stanley,* on the brief, for the appellant.

*Eldridge Hood Young,* with whom were *Howard C. Bregel* and *Young & Crothers* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The question here is as to the right of a foreign receiver to sue in the courts of this state on a contract between the receiver and his customer.

The plaintiff, appellant, had been appointed receiver for the W. A. Riddell Company, an Ohio corporation, by a court of that state, and, as such receiver, from May 11th, 1933, to October 17th, 1933, sold several bills of merchandise, consisting of tractor machinery, appliances, and equipment, to the Industrial Tractor & Equipment Company, Inc., appellee. The total purchases from the receiver amounted to $737.29, credits $135.35, leaving a balance of $601.94, for which suit was brought on the five common counts, and a sixth which will be referred to later on, in the Court of Common Pleas of Baltimore City. The defendant pleaded the general issues, and set-off. The plaintiff demanded a bill of particulars, which was furnished, setting up three claims against the W. A. Riddell Company on account of transactions had with it before the appointment of the plaintiff as receiver. The plaintiff demurred to the defendant's third plea (set-off), as amplified by the bill of particulars, and the court, under the rule that a demurrer mounts up to the first error in pleading, sustained the demurrer to the declaration, on the theory that a foreign receiver had no standing to maintain a suit here "to recover upon a promise to pay, made, not to the officers of the corporation as such, but to the receiver, for goods sold and delivered by him to it."

It appears from the sixth count of the declaration, and the exhibits filed therewith, that the Court of Common Pleas of Crawford County, Ohio, by decree of May 8th, 1933, found the W. A. Riddell Company to be solvent, but "for the purpose of preventing a multiplicity of actions, and to prevent loss of the assets of the defendant corporation, and for the purpose of enabling said plaintiff (The National Surety Company of New York) and said defendant to protect their respective property rights," H. F. Holbrook was appointed "as General Receiver (53 C. J. 17) over all of the property and assets of said defendant corporation, with power and authority to operate the fac-

tory and business of said defendant: to employ the necessary help in said factory, and in the office thereof, together with counsel: and with authority to purchase the necessary material and supplies for the proper conduct of said business," and by order of the same court, passed August 22nd, 1933, the receiver was granted "permission to sue debtors of defendant corporation upon accounts, promissory notes, bills of exchange, contracts, conditional sales agreements and for other indebtedness to it by divers debtors, and to engage and employ counsel in foreign jurisdictions," etc. An itemized copy of the account was filed with the declaration, the suit having been brought under the Speedy Judgment Act for Baltimore City (Code Pub. Loc. Laws. art. 4, sec. 312).

Though this court has stated in many of its decisions, which will be referred to, that there are circumstances under which a foreign receiver has a right to sue in the courts of this state, the general rule, as stated in *Booth v. Clark*, 17 How. 322, 338, 15 L. Ed. 164, has generally been recognized as the rule in this state, and that is that a foreign receiver "has no extra territorial power of official action: none which the court appointing him can confer, with authority * * * to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction." *Bartlett v. Wilbur*, 53 Md. 485, 495; *Lycoming Fire Ins. Co. v. Langley*, 62 Md. 196, 202; *Day v. Postal Telegraph Co.*, 66 Md. 354, 360, 7 A. 608; 53 *C. J.* 392; *High on Receivers* (4th Ed.) sec. 47; *Standard Founders v. Oliver*, 168 Md. 317, 178 A. 223. In *Stockbridge v. Beckwith*, 6 Del. Ch. 72, 33 A. 620, a Maryland receiver was denied the privilege to sue in the courts of Delaware. While the federal rule as stated is that a receiver is not entitled of right to sue in a foreign jurisdiction, suits have been permitted when the receiver is a statutory receiver or a *quasi* assignee (as a receiver to wind up the affairs of a corporation), and is not a mere chancery receiver. *Relfe v. Rundle*, 103 U. S. 222, 26 L. Ed. 337; *Converse v. Hamilton*, 224 U. S. 243, 32 S. Ct.

415, 56 L. Ed. 749; *Castleman v. Templeman,* 87 Md. 546, 553, 40 A. 275.

In *Lycoming Fire Ins. Co. v. Langley, supra,* suit was allowed in this state in the name of the corporation for the use of a receiver. *Day v. Postal Telegraph Co.,* 66 Md. 354, 7 A. 608, was on a bill by a New York receiver to obtain possession of property of the insolvent corporation in this state already in the hands of a Maryland receiver, and the rule declared in *Barlett v. Wilbur,* 53 Md. 485, and *Booth v. Clark,* 17 How. 322, 338, 15 L. Ed. 164, was applied.

The question presented on this appeal has never been up in this court, and that is, Can a foreign receiver (who is nothing more or less than a conservator), from whom a resident of this state buys merchandise, sue on his contract or account in this state? This right has been recogognized in other jurisdictions. *Interstate Trust & Banking Co. v. Dierks Lumber & Coal Co.,* 133 Mo. App. 35, 113 S. W. 1; *Iglehart v. Bierce,* 36 Ill. 133. In *Chicago Bonding & Surety Co. v. United States* (C. C. A.) 261 Fed. 266, 268, distinguishing *Booth v. Clark,* 17 How. 322, 15 L. Ed. 164, it was said: "He is suing as the owner of an obligation for goods sold and delivered by him, and not as receiver of a chose in action belonging to the company." This court, in *Castleman v. Templeman,* 87 Md. 546, 553, 40 A. 275, recognized the fact that there were exceptions to the general rule respecting the right of a foreign receiver to sue. In *Stockley v. Thomas,* 89 Md. 663, 43 A. 766, 767, a bill had been filed to appoint a receiver in this state for a Pennsylvania insolvent insurance company, then in the hands of a receiver, appointed in the state of its residence, the only property in this state being assessments against policy-holders in Maryland. This court, there denying the right to the appointment of a local receiver, and recognizing the authority of the foreign receiver to collect such assessments, said: "if it be true that neither the plaintiffs, nor the receiver appointed by the Circuit Court of Baltimore City on their application, can make assessments, and if there be no other way by which money can be collected to pay their debt, then, *ex*

*necessitate,* whether there be creditors here or not, the foreign receiver must be recognized for this purpose, at least."

Since the argument in this case there has been published the *A. L. Inst. Restatement, Conflict of Laws* wherein the rule is stated (section 544), on claims arising upon transactions after the appointment of a receiver, to be: "A liability to a receiver created by reason of transactions occurring after his appointment can be collected or enforced only by that receiver," and among the comments on this rule it is said, "He can also sue in another state for breach of contracts made by him in the course of administering the estate," and, "Such suits should be brought in his own name, as they are not claims of the estate, but are on claims accruing to the receiver personally. Practically to the same effect is section 568, which is: "A foreign receiver can sue on any claim which he acquires in behalf of the estate which he is administering by reason of transactions arising after his appointment."

If this is not the rule, then a customer in one state of a receiver in another state can successfully resist the collection of a debt so created, and such an obligation could not be enforced unless the receiver can catch the debtor in the state of his appointment, and is a situation in which the rule announced in the *Restatement* is peculiarly adaptable, and we so hold.

But under that rule the facts of this case are subject to some qualification. The receiver, plaintiff, is bound by the terms of the decree of his appointment, and one of them is the finding that the corporation, W. A. Riddell Company, is solvent and the receiver is "appointed for the purpose of preserving the property, assets, business, agency and good will of said defendant corporation." In other words, the business shall be carried on as usual without its being subjected to embarrassment or attack by its creditors. Ordinarily, we know, and it needs no citation of authority, that a debtor of a receiver cannot offset a debt of the corporation to the receiver's

debtor, because a receivership generally means insolvency or liquidation. If the W. A. Riddell Company had been held to be insolvent, and the receiver appointed to wind up its affairs, the appellee, defendant, would have no right of set-off or counterclaim for any debt due it from the insolvent corporation, but here it is confessed that the corporation is solvent, and that its business is being conducted under different management with immunity from attack. While the facts of *Campbell v. Burnett,* 120 Md. 214, page 227, 87 A. 894, 899, may appear to be dissimilar to those of the instant case, the principle upon which that case was decided seems to fit this case perfectly, when it was said in an opinion by Judge Pattison: "We cannot agree with the court below that the receivers 'are strangers both to the transactions involved and to the book entries upon the transactions.' It will be recalled that the bill alleges that the receivers, upon taking over the affairs of the company, continued the business of the company, and in doing so assumed the agreement aforesaid, and continued to do the repair work under such agreement. Thus it cannot be said that they were strangers to the transactions, or to the entries upon the books made in connection therewith.

"It is said in 34 *Cyc.* 244, 410, that 'the receiver of a corporation conducting its business takes the place of the corporation and its officers, for the purpose of performing the necessary corporate duties and functions, and has the same power for such purposes. He is held to be substituted for the corporation and to assume its duties.' "

What we hold is, that the foreign receiver has a right to sue in the courts of this state on a contract or obligation between him and a local defendant, and that, under the circumstances here existing, under the decree of the Ohio court that the corporation was solvent, and the business of a corporation so decreed to be solvent, operated under such a receivership, the defendant here has the right of set-off against the plaintiff.

The ground of the plaintiff's demurrer to the third plea, as amplified by the defendant's bill of particulars, is that

the debt of the Ohio corporation could not be set off against the claim of the receiver. As we hold the right of set-off to here exist under the finding of solvency and the order to continue the business, the plaintiff's demurrer to the defendant's third plea should be overruled, and the case remanded for further proceedings.

*Judgment reversed, and case remanded, with costs.*