## GIBBON v. HILL.
### No. 5811.

Circuit Court of Appeals, Third Circuit.
July 29, 1935.

W. Horace Hepburn, Jr., of Philadelphia, Pa., for appellant.

Harold B. Beitler, Percival H. Granger, and Reber, Granger & Montgomery, all of Philadelphia, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. The appellee, the receiver of the Gibbon Company, a New Jersey corporation, brought a bill in equity to recover certain sums alleged to have been unlawfully and fraudulently received by the appellant, Charles Earle Gibbon, from that company.

The appellant was a stockholder, a director of the company, and its vice president. In September, 1928, he agreed to sell his interest in the company, consisting of 1,400 shares, substantially all of its outstanding capital stock, to one Cole, an employee of the company. The purchase price was to be $130,141.67, of which $45,141.67 was to be paid in cash upon the execution of the agreement of sale, and the remainder by notes payable within a period of five years. In addition, Cole procured from the company a complete release of the company's claim against the appellant for $35,761.83, which represented the indebtedness of the appellant to the company. Cole assigned to the appellant 450 shares of the stock as collateral security for his promissory notes. In order to enable Cole to make the requisite payments, the company purchased from him 650 shares of its own capital stock. In 1928, Cole made the first payment to the appellant with money which the company borrowed from a bank, and a second payment with money taken from the company's treasury. Subsequently Cole defaulted and the appellant received the remaining outstanding stock of the company in consideration of the reduction of Cole's indebtedness to him. In 1929, a creditor's bill was filed against the company, and the appellee, Hill, was appointed its receiver. The receiver filed an ancillary bill against the appellant. The District Court, upon hearing, found as facts that the agreement between the appellant and Cole was in effect an agreement for the purchase of the appellant's stock by the company; that the company was solvent at the time of the making of the agreement; and that the purchase price paid by the company, which included the cancellation of the appellant's indebtedness to it, seriously impaired its capital, although it did not render it insolvent. The court held that in these cir-

cumstances the use by the company of its treasury funds to purchase its own stock from the appellant through Cole was unlawful under the law of New Jersey. It entered a decree against the appellant for an accounting and for payment to the receiver of an amount sufficient to pay claims of creditors and costs of administration of the receivership. The appeal is from that decree.

The question whether the company had the power to use funds in its treasury to purchase its own capital stock is governed by the New Jersey Corporation Act. The New Jersey Act of 1896, P. L. 286, as amended by P. L. 1904, p. 275 (2 Comp. St. N. J. 1910, p. 1617, § 30), provides: "The directors of a corporation shall not make dividends except from its surplus, or from the net profits arising from the business of such corporation, nor shall it divide, withdraw, or in any way pay to the stockholders or any of them, any part of the capital stock of such corporation, or reduce its capital stock except as authorized by law; in case of any wilful or negligent violation of the provisions of this section, the directors under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered at large upon the minutes of such directors at the time, or who not then being present, shall have caused their dissent therefrom to be so entered upon learning of such action, shall jointly and severally be liable at any time within six years after paying such dividend, to the stockholders of such corporation, severally and respectively, to the full amount of any loss sustained by such stockholders, or in case of insolvency to the corporation or its receiver to the full amount of any loss sustained by the corporation, by reason of such withdrawal, division or reduction." This section and section 27 (P. L. 1896, p. 285) and section 29 of the act (2 Comp. St. 1910, p. 1616, § 29) were construed by Justice Pitney in Siegman v. Electric Vehicle Co., 72 N. J. Eq. 403, 65 A. 910. He held that paying dividends, except out of surplus, or in any way paying to stockholders, or to any of them, any part of the capital stock of a corporation, reduced the capital stock and was void except as authorized by the statute. In Re O'Gara & Maguire, Inc., 259 F. 935, Judge Davis of this court, then sitting in the District Court for the District of New Jersey, held that a corporation may not purchase its own capital stock except

from its surplus earnings or accumulated profits. In Coleman v. Tepel, 230 F. 63, this court, in an opinion by Judge Woolley, held that, where an insolvent corporation purchases its own stock or where the effect of such a purchase is to render it insolvent, the transaction is void as to creditors in those jurisdictions which uphold the right of a corporation to purchase its own stock as well as in those jurisdictions which hold such a purchase to be inherently unlawful.

We think that, whether we apply the New Jersey act strictly so as to make any purchase by a New Jersey corporation of its own stock ultra vires, or whether we consider that such a purchase is void only if the capital of the corporation is seriously impaired, the purchase in the instant case was void. The facts found by the learned district judge justify the conclusion that the capital of the company was seriously impaired by reason of the purchase of the appellant's stock and that its assets were depleted to the injury of its creditors. We find no error in the findings of fact and conclusions of law of the court below.

The decree of the court below is affirmed.