318

## PROGRESSIVE GROCERS' ASS'N, Inc., v. GOLDEN.

### No. 8025.

United States Court of Appeals for the District of Columbia.

Decided May 25, 1942.

Mr. Nathan M. Brown, of Washington, D. C., with whom Messrs. I. Irwin Bolotin and Samuel B. Brown, both of Washington, D. C., were on the brief, for appellant.

No brief was filed on behalf of appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

Plaintiff is an incorporated association of retail grocers in the District of Columbia. It was organized under Maryland laws, primarily to give its members the benefit of collective or mass buying. Defendant is a member. Plaintiff sues him to recover $157.91. Of this sum $116.91 is for goods sold and delivered and $41 is for membership dues.

Defendant does not dispute these items. But he seeks to set off a loan of $25 due him from plaintiff and $250 paid in on becoming a member to be "used for collective buying of merchandise." He claims the by-laws entitle him to have this refunded by virtue of his alleged withdrawal from membership in April, 1939.

Plaintiff denies defendant's right to set off these items, because it says the uncontradicted evidence shows it was insolvent during all of 1939 and closed its doors for business in June of that year. The theory apparently is that the $250 was a capital contribution and the alleged insolvency cut off the right of withdrawal and refund given members by the by-laws. The evidence does show without contradiction that plaintiff's gross assets were less than its total liabilities including capital investment during all of 1939 and that defendant knew of its financial difficulties. But there is no evidence to show what portion of the total liabilities represented capital investment and what represented debts and other liabilities. It is impossible therefore to determine from the record whether the capital was merely impaired or plaintiff was unable to pay its obligations exclusive of capital investment. Generally insolvency in the latter sense pre-

vents withdrawal of capital contributions,[1] and there are limits upon such withdrawals when the capital is merely impaired.[2] But we need not determine whether the claimed setoff would violate any of these limitations, since the record shows defendant had no right to a refund, hence none to the setoff, regardless of plaintiff's financial condition.

 Under Article 19 of the by-laws a member could withdraw on giving fifteen days' notice and on doing so was entitled to refund of the $250. But the corporation reserved the right to withhold the amount as a setoff against claims held by it against the member "or until the withdrawing member shall indicate * * * that he has removed all advertising matter, signs, or any other devices or means indicating membership." Defendant himself testified that plaintiff's signs had not been taken off his store and remained there at the time of the trial, though his notice of withdrawal had been given several months earlier in April. The by-law provision was binding on defendant as a condition of receiving the refund. Not having complied with it, he was not entitled to the refund and the setoff should have been disallowed as a matter of law.

█ The $25 item stands on a different footing. Concededly it was a loan. It is not denied the amount was due and owing to defendant. In these circumstances he was entitled to set this sum off against the amount he owed plaintiff.[3]

The setoff of $250 not being allowable, the court should have directed a verdict for plaintiff for $157.91 less the item of $25, or for the net amount of $132.91. The judgment is therefore reversed, with instructions to enter judgment for this sum with interest from the date of the previous judgment.

Reversed, with instructions.

---

[1] Cf. Boggs v. Fleming, 4 Cir., 1933, 66 F.2d 859, 860, and authorities cited.

[2] Cf. Md.Ann.Code (Flack, 1939) Art. 23, § 54 (7), prohibiting a stock corporation to redeem shares when assets remaining after the redemption are less than its debts plus issued capital stock. See also Art. 23, § 32 (6); McQuillen v. National Cash Register Co., D.C.Md. 1939, 27 F.Supp. 639, 649, affirmed, 4 Cir., 1940, 112 F.2d 877; Ashman v. Miller, 6 Cir., 1939, 101 F.2d 85; Gibbon v. Hill, 3 Cir., 1935, 79 F.2d 288.

[3] Cf. Brownley v. Peyser, 1938, 69 App.D.C. 56, 98 F.2d 337; Fitzgerald v. Wiley, 1903, 22 App.D.C. 329; Fedarwisch v. Alsop, 1901, 18 App.D.C. 318; Taggart v. Wachter, etc., Inc., 1941, 179 Md. 608, 21 A.2d 141, 150; Standard Printing & Pub. Co. v. Bothwell, 1923, 143 Md. 303, 122 A. 195, 31 A.L.R. 1269; Holbrook v. Industrial Tractor & Equipment Co., 1935, 168 Md. 468, 178 A. 236.