Norris S. GOFF and Thomas G. Swisher

v.

**AAMCO AUTOMATIC TRANSMIS-
SIONS, INC.**

Civ. No. 21390.

United States District Court,
D. Maryland.

June 8, 1970.

Hal Lackey and Garland E. Lowe,
Silver Spring, Md., for plaintiffs.

H. Paul Rome and Carl Bassett, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

This action was filed in the Circuit Court for Montgomery County, Maryland, by two citizens of Maryland against defendant, a Pennsylvania corporation, with its principal place of business in Pennsylvania. Plaintiffs seek damages for the alleged failure and refusal by defendant to perform a contract between plaintiffs and defendant entered into in Pennsylvania in February 1968. The case was removed to this Court by defendant under 28 U.S.C.A. § 1332.

On November 25, 1969, defendant filed a motion to dismiss for lack of proper venue or for change of venue. That motion was accompanied by an affidavit and a memorandum of law. Oral argument was heard and, pursuant to leave granted at the hearing, plaintiffs filed a reply memorandum accompanied by several affidavits.

On March 13, 1970, defendant filed a motion to quash the service of process, accompanied by an affidavit and a memorandum. Plaintiffs have moved to strike or deny that motion for failure to comply with Rule 12(g), which provides:

"(g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h) (2) hereof on any of the grounds there stated."

## I

■ The exception to 12(g) provided in 12(h) does not apply, and 12(g) should be enforced. 2A Moore's Federal Practice, 2d Ed., ¶ 12.22 and ¶ 12.23; 1A Barron & Holtzoff, Federal Practice & Procedure, Rules Ed. (Wright), § 370, p. 519 et seq.

The motion to quash the service must be denied for failure to comply with Rule 12(g).[1]

## II

The motion to dismiss for lack of proper venue under Rule 12, or for change of venue under § 1404(a), requires consideration of the contract and the several affidavits.

The contract, a franchise agreement on defendant's printed form, between plaintiff Goff as licensee and defendant as licensor, was entered into in Pennsylvania. An amendment to the agreement added Swisher as a licensee. By the contract, so amended, defendant granted plaintiffs a franchise for the operation of an AAMCO Automatic Transmission repair shop, to "be located within the following designated area: Wheaton, Maryland—within Washington, D. C. Standard Metropolitan Statistical Area as revised by Bureau of Budget dated Oct. 18, 1963." The contract further provided: "The exact location must be approved in writing by AAMCO. AAMCO specifically reserves the right to grant additional franchises in the same area. However, AAMCO agrees that the number of franchised shops shall be limited to a maximum of one shop for each 20,000 motor vehicle registrations in the standard metropolitan statistical area or county in which the shop franchised hereunder is located."

Plaintiffs deposited $7,500 with defendant, which has never been returned. AAMCO agreed to furnish plaintiffs with certain equipment at agreed prices, to make available to plaintiffs its customary training and indoctrination course, to make recommendations for a suitable location for licensee's shop, to assist in shop layout and to provide consulting services.

Plaintiffs aver that they entered into negotiations with the owners of a site within the designated area, and that the site was approved by defendant; but that after plaintiffs had reached a satisfactory agreement with the owners for a lease with option to purchase, and after plaintiff Goff had sold his business and plaintiff Swisher had resigned from

---

1. It is therefore unnecessary to decide whether defendant agreed to supply services in Maryland within the meaning of Maryland Code, Art. 75, § 96(a) (2). Defendant's affidavit denies that it did so agree and plaintiffs have not filed a counter affidavit in view of their motion to strike based on defendant's failure to comply with Rule 12(g). If plaintiffs' motion to strike had been denied, a hearing on the facts would have been necessary to decide the question.

his employment, defendant rejected the location as being too near another licensee. Plaintiffs claim damages for the alleged breach of contract.

Defendant's motion is two-pronged:

(A) A motion to dismiss or to transfer the case to the Eastern District of Pennsylvania, based upon the following provision in the contract:

"22. Jurisdiction. This Agreement shall be deemed to have been made in the Commonwealth of Pennsylvania and shall be construed according to the laws of that State. LICENSEE consents to the jurisdiction of any court of general jurisdiction of any state or federal court in either Phila. County, Pennsylvania, Montgomery County, Pennsylvania or the county in which AAMCO has its principal place of business with respect to any proceedings arising out of this Agreement and further, agrees that the mailing to his last known address by registered mail of any process shall constitute lawful and valid process. LICENSEE further agrees that it will bring any legal proceedings arising out of this Agreement only in the courts mentioned above. AAMCO agrees to accept service lawfully issued by any such court."

(B) A motion for transfer under 28 U.S.C.A. § 1404(a) based upon the location of defendant's witnesses in the Eastern District of Pennsylvania and defendant's claim that a transfer to that district would be for the convenience of the parties and witnesses and in the interest of justice.

*The Contract Provision*

██ In a diversity case a federal court must follow the conflict of laws rules prevailing in the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Maryland conflicts rule is that questions as to the construction and legality or validity of a contract are ordinarily governed by the law of the place where the contract was made. Scott v. First Nat. Bank of Baltimore, 224 Md. 462, 168 A.2d 349 (1962); Union Trust Co. of New Jersey v. Knabe, 122 Md. 584, 89 A. 1106 (1914); Mandru v. Ashby, 108 Md. 693, 71 A. 312 (1908).

██ The contract involved in this case was made in Pennsylvania and was to be performed partly in Maryland and partly in Pennsylvania. The Maryland Courts would apply the Pennsylvania law in construing paragraph 22, quoted above, and in determining its validity, unless the application of such law would be contrary to a fundamental policy of the State of Maryland. Restatement, Conflict of Laws, §§ 332, 347; Restatement Second, Conflict of Laws, Proposed Official Draft, Part II, §§ 186, 187.

The old law in Pennsylvania, as in many other jurisdictions, was that a provision attempting to limit the place where suit might be brought was illegal. See discussion by Judge Harvey in United States for Use of Ray Gains, Inc. v. Essential Construction Co., 261 F.Supp. 715, 719 (D.Md.1968). Maryland, however, enforced a somewhat similar provision in Stockley v. Thomas, 89 Md. 663, 668, 43 A. 766 (1899).

In Central Contracting Co. v. C. E. Youngdahl & Co., 418 Pa. 122, 209 A. 2d 810 (1965), the Supreme Court of Pennsylvania, after reviewing earlier cases, stated:

"* * * The modern and correct rule is that, while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. See Restatement of Contracts § 558; L. Hand, J., concurring in Krenger v. Pennsylvania R. Co., 174 F.2d 556, 560–561, (2d Cir. 1949); Wm. H. Muller & Co., Inc. v. Swedish American

Line Ltd., 224 F.2d 806 (2d Cir. 1955); Cerro De Pasco Copper Corp. v. Knut Knutsen, O.A.S., per Frank, J., 187 F.2d 990 (2d Cir. 1951); Euzzino v. The London & Edinburgh Insurance Company Ltd., 228 F.Supp. 431 (N.D. Ill.1964); Takemura & Company v. The S.S. Tsuneshima Maru, 197 F. Supp. 909 (S.D.N.Y.1961). Such an agreement is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness." 418 Pa. at 133–134, 209 A.2d at 816.

The Third Circuit applied those principles in Central Contracting Co. v. Maryland Casualty Co., 3 Cir., 367 F.2d 341, 344 et seq. (1966). They should be applied in this case.

■ The question, then, is whether the provision in paragraph 22 requiring that suit be brought in Pennsylvania is unreasonable under all the circumstances. In the Comment to § 187 of the Proposed Official Draft of the Restatement Second, Conflict of Laws, it is said:

"b. Impropriety or mistake. A choice of law provision, like other contractual provisions, will not be given effect if the consent of one of the parties to its inclusion in the contract was secured by misrepresentation, duress, undue influence, or mistake. A factor which the forum may consider is whether the choice of law provision is contained in an 'adhesion' contract, namely one that is drafted unilateral-ly by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. Common examples are tickets of various kinds and insurance policies. Choice of law provisions contained in such contracts are usually respected. Nevertheless, the forum will scrutinize such contracts with care and will refuse to apply any choice of law provision they may contain if to do so would result in substantial injustice to the adherent."

This case is not so strong as the examples cited in the Comment, but the contract was on defendant's printed form, and defendant was the dominant party.

Moreover, defendant's alleged breach dealt with matters entirely within the State of Maryland; the property involved is in Maryland; the property owners with whom plaintiffs were dealing are in Maryland; and most, if not all of plaintiffs' witnesses are beyond the 100-mile subpoena reach of Federal Courts in Pennsylvania, and beyond the reach of process in Pennsylvania State courts. Defendant's Pennsylvania witnesses are its own employees. Plaintiffs would suffer more than inconvenience and additional expense in presenting their case in Pennsylvania; their ability to pursue their cause of action would probably be seriously impaired. Under all the circumstances, the enforcement of paragraph 22 would be unreasonable.

*Transfer*

A fortiori, the motion to transfer the case to the Eastern District of Pennsylvania should be denied.

\* \* \* \* \* \*

*Defendant's motion to quash is hereby denied.*

Defendant's two-pronged motion to dismiss or to transfer is hereby denied.